[No. 18329–0–I.   Division One.   August 17, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. S.P., *Appellant.*

*Julie A. Kesler* of *Washington Appellate Defender Association,* for appellant.

46

*Michael E. Rickert, Prosecuting Attorney,* and *Stephen C. Schutt* and *Daniel B. Pope, Deputies,* for respondent.

WILLIAMS, J.—After the trial court determined he had the capacity to commit a crime, S.P., a juvenile, was convicted of two counts of indecent liberties. Although the standard range for these offenses was a total of 16 to 24 weeks, the trial court concluded a sentence within the standard range would effectuate a manifest injustice and sentenced S.P. to 104 weeks. He appeals, contending (1) the evidence was not sufficient to overcome the presumption that he did not have the capacity to commit a crime, (2) the admission of hearsay at the sentencing hearing deprived him of his right of confrontation, and (3) the sentence was clearly excessive.

In August 1985, S.P., then 10 years old, grabbed an 11–year–old girl at a swimming pool, pulled down the bottom half of her swimming suit, put his hand between her legs and said, "I know you want it, bitch." When the victim's sister intervened, S.P. threatened to injure, or have his cousin injure, both girls if they told anyone about the incident.

In September 1985, S.P., during noon recess at school, touched a 12–year–old girl in the crotch through her clothes.

The first issue is whether the evidence is sufficient to overcome the statutory presumption that S.P. did not have the capacity to commit a crime. RCW 9A.04.050 provides, in part:

Children [over] eight [years of age] and under twelve years of age are presumed to be incapable of committing crime, but this presumption may be removed by proof that they have sufficient capacity to understand the act or neglect, and to know that it was wrong.

This presumption may be rebutted only by clear, cogent,

and convincing evidence; moreover, a capacity determination must be made in reference to the specific crime charged. *State v. Q.D.*, 102 Wn.2d 19, 24–26, 685 P.2d 557 (1984). The information charges that S.P. knowingly caused a female under 14 years of age to have sexual contact with him by forcible compulsion.

Evidence to rebut the presumption included S.P.'s sexual contact with two younger boys in June 1984, resulting in his being treated by a social worker. During this treatment, he acknowledged that inappropriate sexual behavior is wrong. He was aware that the accusations of the two girls, if proven, could lead to his being placed in detention. Extensive evaluation by experts concluded that he had a broad knowledge of sexual terms and understood the wrongfulness of his conduct toward the girls. The evidence is clear, cogent, and convincing.

The next issue is whether the admission of hearsay reports at the disposition (manifest injustice) hearing deprived S.P. of his right of confrontation. RCW 13.40-.150(1) provides:

> In disposition hearings all relevant and material evidence, including oral and written reports, may be received by the court and may be relied upon to the extent of its probative value, even though such evidence may not be admissible in a hearing on the information. The youth or the youth's counsel and the prosecuting attorney shall be afforded an opportunity to examine and controvert written reports so received and to cross–examine individuals making reports when such individuals are reasonably available, but sources of confidential information need not be disclosed.

ER 1101(c) provides:

> The rules (other than with respect to privileges) need not be applied in the following situations:
>
> . . .
>
> (3) *Miscellaneous Proceedings.* . . . preliminary determinations in juvenile court proceedings under RCW Title 13; juvenile court hearings on declining jurisdiction under RCW 13.40.110; disposition hearings in juvenile court;

review hearings in juvenile court under RCW 13.32A.190 and RCW 13.34.130(3);

■ To support his position that the reports should not have been admitted, S.P. cites *State v. Whittington,* 27 Wn. App. 422, 618 P.2d 121 (1980), where the court stated:

A disposition hearing at which a finding of manifest injustice is sought is clearly an adversary proceeding, since it can result in the imposition of a higher sentence, including incarceration, than would otherwise be permissible. We conclude that such a proceeding must meet the standard set forth in [*In re*] *Gault,* [387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428 (1967)] relating to confrontation and cross–examination of witnesses.

*Whittington,* at 428–29. In that case, the defendant was a minor or first offender and the maximum punishment without a "manifest injustice" finding was a term of community service. Imposition of a more severe punishment required the court to conclude "that community supervision would create a 'danger to society.'" *Whittington,* at 425–26.

In this case, because S.P. is a middle offender, authorized punishment included confinement, RCW 13.40.160(4), with the only question being how long a period. This distinguishes the enhancement of punishment cases relied on in *State v. Whittington, supra.*

■ The last issue is whether the sentence of 104 weeks is clearly excessive. RCW 13.40.230(2). "Clearly excessive" means clearly unreasonable, *i.e.,* exercised on untenable grounds or for untenable reasons or an action that no reasonable person would have taken. *State v. Strong,* 23 Wn. App. 789, 794, 599 P.2d 20 (1979).

All the experts agreed that S.P. needed extensive treatment and was likely to commit further crimes without it. The recommendations given to the court by these experts for the length of incarceration necessary to treat S.P. ranged from 65 weeks to 135 weeks. Because S.P. faces many and varied environmental and psychological problems, determining the precise duration of treatment which

would lead or force him to become a law–abiding citizen is humanly impossible. In light of the experts' recommendations, the serious nature of S.P.'s problems, the danger to society his conduct poses, the failure of noncustodial therapy to prevent these crimes, and the improbability that S.P.'s family will beneficially influence his behavior, the trial court's sentence was not clearly excessive.

The judgment is affirmed.

SCHUMACHER, J. Pro Tem., concurs.
SCHOLFIELD, C.J., concurs in the result.

Review granted by Supreme Court November 4, 1987.