[No. 54300-3. En Banc. July 7, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. S.P., *Petitioner.*

*Julie A. Kesler* of *Washington Appellate Defender Association,* for petitioner.

*Michael E. Rickert, Prosecuting Attorney,* and *Daniel B. Pope, Deputy,* for respondent.

GOODLOE, J.—Petitioner S.P., a juvenile, seeks review of a Court of Appeals decision that affirmed his sentence exceeding the standard range. *State v. S.P.,* 49 Wn. App. 45, 746 P.2d 813, *review granted,* 109 Wn.2d 1007 (1987). S.P. asserts that he was denied the right to confront witnesses against him at his disposition hearing. We reverse the Court of Appeals and remand to the juvenile court.

S.P. was convicted of two counts of indecent liberties; the first incident occurred in August 1985 and the second incident occurred in September 1985. The standard range for S.P.'s offenses was 42 to 56 weeks. However, the State sought a finding of manifest injustice. A "manifest injustice" is a "disposition that would either impose an excessive penalty on the juvenile or would impose a serious, and clear danger to society". RCW 13.40.020(12). A finding of manifest injustice must be established before the standard range can be exceeded in setting a juvenile's sentence. RCW 13.40.160(1). S.P. conceded that a finding of manifest injustice should be made but disagreed as to how far the standard range should be exceeded.

At S.P.'s disposition hearing, the juvenile court heard the oral testimony of probation officer James Donovan, social worker Nancy Larson, and Department of Juvenile Rehabilitation employee Dan Donnelly. The juvenile court admitted into evidence Donovan's manifest injustice hearing report. The juvenile court also considered Larson's mental health evaluation, psychologist Dr. Bruce Olson's

capacity evaluation, and social worker Diana Hoy's letter dated November 6, 1985.

The witnesses' testimonies and reports varied regarding the appropriate length of S.P.'s sentence; the lengths ranged from Donnelly's recommendation of 65 weeks to Donovan's recommendation of 135 weeks to Dr. Olson's recommendation that S.P. "be placed in an institution for the maximum period of time allowable." Exhibit 6, at 4.

S.P. objected to the juvenile court's consideration of Dr. Olson's capacity evaluation and Hoy's letter (hereinafter reports) because the court did not require that either Dr. Olson or Hoy be made available for cross examination. The reports evaluated S.P.'s mental and emotional states and provided reasons to support a finding of manifest injustice. Many of the comments in the reports were hearsay under ER 801(c).

The juvenile court overruled S.P.'s objections. It held that Dr. Olson's and Hoy's reports were predispositional because they were in the court file as they had been admitted at S.P.'s capacity hearing. Thus, the juvenile court considered the reports because it determined that it was required to "[c]onsider any predisposition reports". RCW 13.40.150(3)(c).

The juvenile court made a finding of manifest injustice and exceeded the standard range in setting S.P.'s disposition at 104 weeks. S.P. appealed, and the Court of Appeals affirmed finding that the disposition was not excessive. *State v. S.P., supra.* S.P. seeks review of that decision. We accepted discretionary review on the issue of whether a juvenile has the right to confront witnesses at the disposition hearing held to determine the juvenile's length of incarceration.

S.P. contends that he was entitled to confront and cross–examine the witnesses against him at his disposition hearing. He argues that his right to confront is statutorily based. RCW 13.40.150(1). He further argues that his right to confront is constitutionally based. *See State v. Whittington,* 27 Wn. App. 422, 428–29, 618 P.2d 121 (1980); *In*

*re Gault,* 387 U.S. 1, 57, 18 L. Ed. 2d 527, 87 S. Ct. 1428 (1967). Since we hold that S.P. was denied his statutory right to confront, we decline to address whether there is a constitutional right to confront at a juvenile's disposition hearing. *See Tropiano v. Tacoma,* 105 Wn.2d 873, 877, 718 P.2d 801 (1986) ("This court will not decide an issue on constitutional grounds if the issue can be resolved on other grounds.").[1]

The Legislature incorporated the right to confront in RCW 13.40.150(1) when it enacted the Juvenile Justice Act of 1977 (JJA), RCW 13.40. RCW 13.40.150(1) states in relevant part:

> (1) In disposition hearings all relevant and material evidence, including oral and written reports, may be received by the court and may be relied upon to the extent of its probative value, even though such evidence may not be admissible in a hearing on the information. *The youth or the youth's counsel and the prosecuting attorney shall be afforded an opportunity to examine and controvert written reports so received and to cross-examine individuals making reports when such individuals are reasonably available . . .*

(Italics ours.) However, the JJA also provides in RCW 13.40.150(3):

> (3) Before entering a dispositional order as to a respondent found to have committed an offense, the court shall hold a disposition hearing, at which the court shall:
>
> . . .
>
> (c) Consider any predisposition reports . . .

RCW 13.40.150(3) does not provide specifically for confrontation of witnesses with regard to predisposition reports. The problem arises when a predisposition report also contains evidence relevant and material to the disposition hearing which would trigger the RCW 13.40.150(1) right to confront at the disposition hearing.

---

[1]We note that the court has questioned *Whittington*'s approach to analyzing the constitutional right to confront at a manifest injustice proceeding in *State v. Escoto,* 108 Wn.2d 1, 11 n.2, 735 P.2d 1310 (1987) (Durham, J., concurring).

■■ "[I]n interpreting a statute the court must construe the act as a whole, and effect should be given to all the language used." *State v. Newton*, 109 Wn.2d 69, 79, 743 P.2d 254 (1987). Furthermore, every "provision must be viewed in relation to other provisions and harmonized if at all possible to insure proper construction of every provision." *Addleman v. Board of Prison Terms & Paroles*, 107 Wn.2d 503, 509, 730 P.2d 1327 (1986). We find that RCW 13.40.150(1) and (3) can be harmonized. If the predisposition report also contains evidence relevant and material to the disposition hearing, we hold that the right to confront applies. In other words, RCW 13.40.150(3) does not preclude the operation of RCW 13.40.150(1). Both provisions are triggered when the predisposition report is relevant and material to the disposition hearing.

It would be possible to read RCW 13.40.150(3) as allowing any information contained in a predisposition report to be reviewed at the disposition hearing without permitting the juvenile to confront the author of the report. However, to interpret the statute in this way would invite abuse. A party could have information regarding the juvenile's disposition admitted prior to the disposition hearing to prevent the juvenile from later being able to confront the author of such information at the disposition hearing. The Legislature could not have intended such a result.

In the present case, Hoy's report stated that she hoped the "probation staff at Skagit County Juvenile Court pursues a Manifest Injustice and obtains institutional placement for [S.P.]". Exhibit 4, at 2. Nonetheless, Hoy did not recommend any length of incarceration. The Juvenile Court Commissioner noted that the "report of Diana Hoy, frankly, adds little or nothing to this dispositional hearing." Report of Proceedings, at 223. After our reading of Hoy's report, we concur with the Juvenile Court Commissioner that the letter was not relevant or material to a disposition hearing. S.P. agreed that a finding of manifest injustice was proper but contended that the length of incarceration was excessive. Since Hoy's report did not address how long S.P.

should be sentenced, the report was properly admitted under RCW 13.40.150(3), but does not fall under RCW 13.40.150(1). Therefore, the juvenile court properly ruled that Hoy need not be made available for cross examination.

Dr. Olson's report, however, was relevant to the disposition hearing because he recommended that a finding of "manifest injustice be declared and [S.P.] be placed in an institution for the maximum period of time allowable." Exhibit 6, at 4. According to probation officer Donovan's report, the "maximum period of time allowable is until [S.P.'s] 21st birthday, or approximately 520 weeks." Exhibit 1, at 5. This figure greatly exceeded the length of time recommended by any other person or report at the disposition hearing. Since Dr. Olson's report was relevant and material to the length of S.P.'s sentence, RCW 13.40-.150(1) applies and S.P. was entitled to his statutory right to confront Dr. Olson if he was reasonably available.

The juvenile court never addressed whether Dr. Olson was reasonably available for cross examination. Furthermore, the State concedes that it made no showing that Dr. Olson was unavailable to testify at the disposition hearing. S.P.'s statutory right to confront was violated when he was not permitted to confront and cross–examine Dr. Olson where the court made no finding that he was not reasonably available.

We reverse and remand to the juvenile court for a new disposition hearing in accordance with this opinion.

PEARSON, C.J., UTTER, BRACHTENBACH, DOLLIVER, DORE, and CALLOW, JJ., and CUNNINGHAM, J. Pro Tem., concur.

ANDERSEN, J., concurs in the result.