[No. 55668–7.   En Banc.   April 13, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. THOMAS ALLAN NEHER, *Petitioner.*

Bianchi, Berzins & Bianchi, P.S., by *Peter Berzins,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Ellen O'Neill–Stephens, Deputy,* for respondent.

BRACHTENBACH, J.—At issue is whether the vehicular assault statute requires that the defendant's actions in driving recklessly or while intoxicated be the *sole* proximate cause of serious bodily injury to another, or whether that conduct can be one of two or more proximate causes. We hold that the vehicular assault statute does not require that the defendant's actions be the sole proximate cause of the injury. We affirm the Court of Appeals, which affirmed defendant's conviction for vehicular assault. *State v. Neher,* 52 Wn. App. 298, 759 P.2d 475 (1988).

On the evening of March 2, 1986, defendant was driving northbound on Beacon Avenue South, in a residential area of Seattle, approaching the intersection of Beacon and South Warsaw Street. The posted speed limit on Beacon Avenue South was 35 m.p.h. Defendant was traveling well over the speed limit. His own expert witness placed his speed at 50 to 75 m.p.h. Various witnesses for the State placed his speed from 70 to 80 or 90 m.p.h. One expert testified that the speed of defendant's car when it began to brake was a minimum of 65 m.p.h. but probably closer to 75 m.p.h.

Douglas Spicer, who was driving his car west along South Warsaw at the same time, stopped at the stop sign at the intersection, looked left, saw no vehicle, then looked right, and proceeded into the intersection. Defendant's car collided with Spicer's; a passenger in Spicer's car was hospitalized for 6 weeks as a result of the serious injuries received in the collision.

Defendant was charged with vehicular assault. At his trial, the State introduced evidence that 2½ hours after the collision defendant's blood alcohol content was .11 percent. The State presented expert testimony to the effect that, with that blood alcohol content, an individual's driving, 2½ hours earlier, would have been impaired by alcohol.

Among other things, defendant presented evidence in an attempt to show that Spicer's conduct was a proximate cause of the collision. This evidence raised questions about whether Spicer looked left again after looking right, whether he looked left long enough, whether he was traveling too fast when he entered the intersection, whether, in light of a hearing problem, Spicer was able to hear defendant's oncoming car, and whether Spicer's vision was obstructed by parked traffic.

The trial court instructed the jury on the elements of vehicular assault, including the requirement that the State prove beyond a reasonable doubt that defendant operated his vehicle in a reckless manner or was under the influence of intoxicating liquor and that this conduct was "the proximate cause of serious bodily injury to another . . ." Instruction 5; Clerk's Papers, at 56.

The trial court gave the following instruction, to which defendant excepted, on proximate cause:

> The term "proximate cause" means a cause which, in a direct sequence, unbroken by any new independent cause, produced the injury, and without which the injury would not have happened.
> There may be more than one proximate cause of an injury.

Instruction 10; Clerk's Papers, at 61.

Defendant was convicted of vehicular assault. Defendant's main contention is that the vehicular assault statute requires that his conduct be the sole proximate cause of the serious injury to another.

In construing a statute, the goal is to ascertain and carry out the intent of the Legislature as determined primarily by the language of the statute itself. *State v. Wilbur,* 110 Wn.2d 16, 18, 749 P.2d 1295 (1988). If the language is plain and unambiguous, the meaning is derived from the wording of the statute itself. *Wilbur,* at 19.

The vehicular assault statute provides in relevant part:

> (1) A person is guilty of vehicular assault if he operates or drives any vehicle:
> (a) In a reckless manner, and this conduct is the proximate cause of serious bodily injury to another; or
> (b) While under the influence of intoxicating liquor or any drug, as defined by RCW 46.61.502, and this conduct is the proximate cause of serious bodily injury to another.

RCW 46.61.522.

Defendant argues that the use of the word "the" in the phrase "the proximate cause" means that the defendant's conduct must be the sole proximate cause of the injury, and not one of two or more proximate causes. He maintains that rules of grammar and the dictionary definition of the word "the" show that the statute clearly and unambiguously requires that the defendant's conduct be the sole proximate cause of the injury, and that even if the statute is found to be ambiguous the rules of strict construction of penal statutes and lenity require that any doubts be construed in favor of the defendant. Further, defendant argues, comparison of the language used in the vehicular assault statute and the vehicular homicide statute favors his position. Following from his argument that the defendant's actions must be the sole proximate cause of the injury, he maintains that instruction 10 relieved the State of its burden of proof as to causation.

We do not agree with defendant's construction of the statute. Contrary to his position, the use of the word "the"

in the vehicular assault statute, as opposed to the word "a", does not mean that the defendant's conduct must be the sole proximate cause of the injury to another. Instead, by this language the Legislature indicated its intent that the defendant's conduct be the *proximate* cause, as opposed to a cause in fact which does not satisfy the legal definition of the proximate cause of the injury. *See Webster's Third New International Dictionary* 2368 (1981) (when used with a noun modified by an adjective or by an attributive noun, "the" is a function word which acts to limit the application of the modified noun to that specified by the adjective or by the attributive noun).

Moreover, statutes should be construed to effect their purpose, and strained, unlikely, or absurd consequences resulting from a literal reading are to be avoided. *State v. Stannard,* 109 Wn.2d 29, 36, 742 P.2d 1244 (1987); *State v. Keller,* 98 Wn.2d 725, 728, 657 P.2d 1384 (1983). Even if we were to agree with defendant that "the" is somehow different in the context of the vehicular assault statute than "a" would be, that reading of the statute would lead to absurd results. First, *any* contributory conduct on the part of the victim or a third party that is a proximate cause of the serious bodily injury would relieve the defendant of criminal culpability regardless of the degree of that conduct. The Legislature surely did not intend such a result.

In a similar vein, the Court of Appeals posited another circumstance leading to absurd results. That is, under defendant's reading of the statute, if the reckless or intoxicated conduct of two drivers combined to cause serious bodily injury to a third party, neither could be successfully prosecuted because neither would be the sole proximate cause of the injury.

Second, contrary to defendant's position, the vehicular assault statute must be harmonized with the vehicular homicide statute in order to avoid absurd results. The vehicular homicide statute was amended in 1983, as part of the same act containing the vehicular assault statute. Laws

of 1983, ch. 164, §§ 1, 2. The vehicular homicide statute contains the following language:

> When the death of any person ensues within three years as a proximate result of injury proximately caused by the driving of any vehicle by any person while under the influence of intoxicating liquor or any drug . . . or by the operation of any vehicle in a reckless manner or with disregard for the safety of others, the person so operating such vehicle is guilty of vehicular homicide.

RCW 46.61.520(1).

The statute provides that there may be more than one proximate cause of the death. *Cf. State v. Jacobsen*, 74 Wn.2d 36, 37, 442 P.2d 629 (1968) (involving the negligent homicide statute, the predecessor to the current vehicular homicide statute) (there can be more than one proximate cause of an accident and resulting injury or death). It defies logic to conclude that a driver whose conduct results in serious bodily injury to another may escape liability because another's actions also proximately caused the injury, but, if the victim dies instead, no such escape is possible. By harmonizing the statutes, and construing each to mean that the defendant's actions need not be the sole proximate cause of injury or death, we avoid such absurd results. By so doing, we also adhere to the principle that every provision of an act must be harmonized where possible. *See State v. S.P.*, 110 Wn.2d 886, 890, 756 P.2d 1315 (1988).

The trial court did not erroneously instruct the jury as to the proximate cause requirement.

During oral argument defendant raised for the first time a challenge to an instruction. That challenge is based upon the holding of *Seattle v. Gellein*, 112 Wn.2d 58, 768 P.2d 470 (1989). Assuming, arguendo, that the issue is of sufficient constitutional dimension to merit review, there is no reversible error here. While the instruction given by the trial court contains the same error as the *Gellein* instruction, defendant proposed an instruction containing the very

same error. Thus, he waived any error which might otherwise exist. *See State v. Kincaid,* 103 Wn.2d 304, 314, 692 P.2d 823 (1985).

Affirmed.

CALLOW, C.J., and UTTER, DOLLIVER, DORE, PEARSON, ANDERSEN, DURHAM, and SMITH, JJ., concur.