[No. 18210-2-I.   Division One.   May 8, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. ERIC TAUALA, *Appellant.*

*Theresa Doyle* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Anne M. Bremner, Deputy,* for respondent.

COLEMAN, C.J.—Eric Tauala appeals from the juvenile court's order of disposition entered following his conviction for assault in the second degree. Tauala argues that his sentence, which is outside the standard range and was entered pursuant to a manifest injustice finding, is excessive. We affirm.

Tauala, 16 at the time of the offense, participated in an attack on punk rock concert patrons that occurred in the early morning hours of New Year's Day 1986 in downtown Seattle. The attack occurred as the teen victims exited a second floor concert hall and descended some steps that led into an alcove. The only exits from the alcove led out to the sidewalk or back to the concert hall.

Mike Levine, one of the victims, was provoked by a member of a Filipino/Samoan teen gang that had gathered in the alcove because it was raining. Levine threw the first punch, which started the attack. There is no evidence that any other concert patron ever threw a punch. Levine was dragged down the stairs and kicked by three or four gang members as he lay on the ground.

Jim May and Rick Lewis sought to break up the fight, but members of the gang jumped on them and struck them with chako sticks. Lewis was backed into the corner where he was beaten and kicked by three or four gang members even after he fell to the ground. Lewis was comatose for several months. At the time of trial Lewis was only semi-conscious and, except for one finger, his left side was entirely paralyzed. Eric Tauala was identified as one of the members of the group who beat Lewis.

Tracy Thompson testified that she pulled Tauala off Lewis. Tauala screamed at her and hit her three or four times in the face. Thompson was knocked against a wall with the first blow and Tauala continued to strike her in the face as she slid down the wall. Thompson suffered a broken nose and a swollen, bruised face.

Scott Burroughs also tried to stop the beating and was struck in the face. Tauala was among those who hit and kicked Burroughs in the face and chest until he fell backward on the stairs. Burroughs was hit at least four times and suffered a permanent partial loss of vision in one eye.

Many other concert patrons were also assaulted. Jim May was on the sidewalk when a gang member swung chako sticks at his head. Katie Swan was slapped in the face by a gang member. Jeffrey Long tried to escape from the alcove and was hit in the back of the head with chako sticks. Others were trapped in the alcove as Tauala and other gang members waited on the sidewalk to catch those who tried to flee.

Javad Smith testified that Tauala looked at him in an intimidating way and threw a beer bottle at him. Smith was not hit. Smith also testified that Tauala appeared to be the leader of the gang by the way the gang members "sort of revolved around him," *i.e.,* by the way they interacted with him. Tauala was convicted of one count of second degree assault. He appealed his conviction to this court raising four issues: whether he was entitled to a jury trial; whether the evidence was sufficient to support the court's finding that he was an accomplice in the assaults on Levine and

Lewis; whether the court properly concluded a standard range would be a "manifest injustice;" and whether the trial court's sentence outside the standard range was "clearly excessive." The State brought a motion on the merits that was granted as to all four issues. A panel of this court later modified the Commissioner's ruling, reinstating the appeal only as to whether Tauala's sentence was clearly excessive.

Appellant was approximately 1 month shy of his 17th birthday when he was sentenced. The standard range for his offense was 103 to 129 weeks. The court imposed a disposition of over 4 years' commitment until appellant turned 21. Appellant argues that the sentence was excessive in light of the recommendations of his probation and parole officers that he be sentenced within the standard range. The parole officer felt that a disposition of more than 2 years might harm appellant.

> I think Eric needs to be locked up, but I think we also need to look at the long run, what is going to protect the community in the long run? If we lock him up for two years or for five years, he is going to be out, and we need to say, okay, what kind of a product are we going to get? Eric needs to be punished for what he has done. He needs to make some changes. If we sentence him for too long a period of time, we are going to squelch any chance he has to make those kinds of changes, and that's what I fear, and I fear he is simply going to come out bigger and more aggressive in the long run, and I believe that that is why the legislature has put that cap on the standard range.

The probation officer testified:

> One cannot argue with the fact that protection of the community would certainly support a manifest injustice. However, if one is looking at attempting to reach this individual, two years is a sufficient period of time to attempt to do that . . .

There is substantial evidence in the record supporting the following findings:[1]

---

[1]The Commissioner, in granting the State's motion on the merits, analyzed appellant's challenge to the court's manifest injustice finding. The Commissioner

3. Respondent's criminal history and prior dispositions are:

| OFFENSE/DATE | DISPOSITION/DATE |
|---|---|
| Theft 3rd degree/7–28–82 | Plead Guilty/5–1–84 |
| Simple Assault/12–02–83 | Plead Guilty/5–1–84 |
| Theft 3rd degree/12–5–83 | Plead Guilty/5–1–84 |
| Theft 3rd degree/12–11–83 | Plead Guilty/5–1–84 |
| Theft 3rd degree/4–23–84 | Plead Guilty/5–1–84 |
| No Vehicle Operator's License/ 7–10–84 | Plead Guilty/2–25–85 |
| Robbery 2nd degree/4–19–85 | Plead Guilty/5–20–85 |
| Malicious Mischief 3rd degree/ 4–2–85 | Plead Guilty/7–19–85 |

4. The respondent is a serious offender.

5. The standard range of sanctions for the offense which the respondent was found guilty is: Count II—103–129 weeks.

6. Disposition within the standard range would fail to protect the citizenry from the respondent's criminal behavior because the respondent had a leadership role in totally unprovoked assault upon strangers. Injury was inflicted upon at least five people by the respondent as he acted in concert with others. Part of the injuries were inflicted with a deadly weapon. (Rick Lewis sustained permanent brain damage as a result of the attack and has been in and out of a coma for months. Such conduct shows that respondent is extremely dangerous.) Given the nature of the offense and the length of respondent's criminal history, the standard range herein would not adequately protect the public.

7. Disposition within the standard range would fail to make the respondent accountable for the offense because the following statutory aggravating factors exist:

A. The crime was committed in a particularly cruel or heinous manner in that the respondent repeatedly struck victims as they were fleeing or falling and kicked victims as they curled into fetal positions.

B. The respondent inflicted serious bodily harm.

---

granted the motion on the merits, finding that the court's justifications for finding a manifest injustice were supported by the record and by the law. That ruling was not disturbed by a decision of a panel of this court to grant a motion to modify on the "clearly excessive" issue only.

C. The victims were particularly vulnerable in that they were trapped by the respondent and his co–respondents in a small alcove area and then attacked and that the victims went out of their way to avoid conflict.

D. The respondent has a recent criminal history and was on parole at the time the offense was committed.

E. The respondent was a leader in the criminal enterprise.

8. Disposition within the standard range would fail to provide necessary treatment and supervision of the respondent because the respondent has frequently failed to comply with the written terms of community supervision and was on parole at the time of this offense. Prior efforts to hold respondent on probation have failed. Further, he has been institutionalized in the past for his behavior. The standard range does not allow enough time for treatment and supervision.

9. Disposition within the standard range would pose a serious and clear danger to society beyond a reasonable doubt.

10. The sentence imposed by the Court in this matter is reasonably related to the purposes of the Juvenile Justice Act of 1977.

■■■ Once the court concludes that a disposition within the standard range would effectuate a manifest injustice, the determinate sentencing scheme of the Juvenile Justice Act of 1977 is no longer applicable and the court is vested with broad discretion in determining what sentence to impose. A disposition will be reversed only if the sentence imposed is so clearly excessive as to constitute an abuse of discretion. RCW 13.40.230(2)(b); *State v. Strong,* 23 Wn. App. 789, 794, 599 P.2d 20 (1979). The need for rehabilitation or treatment, the need to protect society from dangerous offenders, and the previous failure of noncustodial treatment or supervision are reasons that can support a sentence outside the standard range. *See, e.g., State v. S.P.,* 49 Wn. App. 45, 49, 746 P.2d 813 (1987), *rev'd on other grounds,* 110 Wn.2d 886, 891, 756 P.2d 1315 (1988); *In re Latson,* 45 Wn. App. 716, 719–20, 726 P.2d 1042 (1986).

The term "clearly excessive" is not defined in the Juvenile Justice Act of 1977 and must therefore be given its

plain and ordinary meaning. For an action to be clearly excessive it must be shown to be "clearly unreasonable . . . or an action that no reasonable person would have taken. . . . [A] sentence is excessive only when it cannot be justified by any reasonable view which may be taken of the record." *Strong,* at 794-95.

Appellant argues that his sentence is clearly excessive under *State v. P,* 37 Wn. App. 773, 686 P.2d 488 (1984). In *State v. P, supra,* several experts testified that the juvenile defendant needed extensive counseling and education. The appellate court noted that the only evidence in the record before the Commissioner regarding an appropriate sentence was the probation counselor's recommendation of 156 weeks and that there was nothing in the record to indicate a course of treatment would exceed that length of time. The appellate court remanded the case for further proceedings because the sentence imposed (221 weeks) was clearly excessive in light of the record. *State v. P, supra* at 779.

■ Appellant argues that under *State v. P, supra,* the trial court must follow the recommendation of the parole and probation officers. We disagree. The trial court has discretion whether to accept or reject recommendations as to an appropriate term of incarceration. Another conclusion would effectively place the sentencing responsibility with the probation or parole officers and not with the court. The holding of *State v. P, supra,* is not that the trial court lacks the discretion to disagree with sentencing recommendations. In that case, the court's and the expert's primary concern in imposing a term of incarceration was the rehabilitation of the defendant. All of the evidence before the court suggested that purpose would be achieved by a term within the standard range. Accordingly, the record did not support an exceptional sentence, and the appellate court remanded the case for a new sentencing hearing.

The instant case is distinguishable from *State v. P, supra.* There, the court was imposing an enhanced sentence on a first time offender for the sole purpose of rehabilitation. *State v. P, supra* at 779. In the instant case, however,

the court's focus was on the need to punish appellant and to remove him from society in order to adequately protect society. This is an acceptable purpose for incarceration under the Juvenile Justice Act of 1977. RCW 13.40-.010(2)(d). The record fully supports the court's findings in these regards.

In light of the aggravated nature of appellant's offense and the danger he poses to society as evidenced by his criminal history, it cannot be said that no reasonable person would have acted as the trial court did in confining appellant until age 21. The sentence was not clearly excessive.

The judgment of the trial court is affirmed.

SWANSON and GROSSE, JJ. concur.

Review denied at 113 Wn.2d 1007 (1989).