65 Wn. App. 370 (1992)
828 P.2d 87
THE STATE OF WASHINGTON, Respondent,
v.
B.E.W., Appellant.
Nos. 28771-1-I; 28772-9-I; 28777-0-I.
The Court of Appeals of Washington, Division One.
April 27, 1992.
Dennis Lee Burman and Carey & Burman, for appellant.
Seth R. Dawson, Prosecuting Attorney, and David F. Thiele, Deputy, for respondent.
*371 PER CURIAM:
B.E.W. was charged with and pleaded guilty to two counts of taking a motor vehicle without permission and one count of second degree burglary. The standard range detention for each offense was 10 to 20 days, thus giving a total standard range of 30 to 60 days. The disposition judge found a manifest injustice and committed appellant to the Department of Juvenile Rehabilitation for a term of 103 weeks.
At the disposition hearing, pursuant to a plea agreement, the State did not make a sentencing recommendation. Prior to the hearing, however, appellant's probation counselor filed a notice and written report, asking the court to find a manifest injustice and to impose the 103 weeks of detention. Although appellant recommended a standard range sentence, appellant did not object to the procedures by which the manifest injustice was imposed.
On appeal, appellant raises several issues. Appellant argues that, where a manifest injustice may be imposed, a juvenile is entitled to all of the due process which would be accorded to him at trial. From this premise, appellant argues that the trial court cannot impose a manifest injustice unless the prosecutor files a supplemental information seeking a manifest injustice and stating the reasons for which a manifest injustice is being sought. Appellant also contends that the 103-week detention imposed is not supported by the record and comes out of "thin air".[1]

DUE PROCESS
[1] Appellant asserts that the juvenile court may not impose a manifest injustice and exceptional sentence unless the prosecutor seeks a manifest injustice and files a supplemental information setting forth the precise basis for seeking such a disposition. Appellant's argument has been *372 repeatedly rejected by the appellate courts of this state. In State v. Poupart, 54 Wn. App. 440, 773 P.2d 893, review denied, 113 Wn.2d 1008 (1989), this court held that the probation counselor cannot be bound by a prosecutor's plea agreement to recommend only a standard range sentence. The Court of Appeals reasoned that a disposition judge needs independent information from the probation counselor in order to determine if a manifest injustice is appropriate.
Similarly, in State v. Murphy, 35 Wn. App. 658, 669 P.2d 891 (1983), review denied, 100 Wn.2d 1034 (1984), this court specifically rejected the argument that a manifest injustice may be imposed only if the prosecutor seeks it. See also State v. Beard, 39 Wn. App. 601, 604-06, 694 P.2d 692, review denied, 103 Wn.2d 1032 (1985).
Appellant nonetheless argues that Specht v. Patterson, 386 U.S. 605, 18 L.Ed.2d 326, 87 S.Ct. 1209 (1967) compels a different result. Specht was convicted of indecent liberties, the maximum sentence for which was 10 years. Under Colorado statutes, the court could sentence Specht to an indeterminate sentence of up to life in prison if the sentencing court determined that he constituted a threat of bodily harm to members of the public, was a habitual offender or was mentally ill. The United States Supreme Court held that such an enhanced sentence could not be imposed unless the defendant received notice, an opportunity to be heard and "the full panoply of the relevant protections which due process guarantees in state criminal proceedings." Specht, 386 U.S. at 609 (quoting United States ex rel. Gerchman v. Maroney, 355 F.2d 302, 312 (3d Cir.1966)).
The Specht decision has subsequently been limited by the Supreme Court. In Specht, the sentencing procedure involved resulted in a radically different sentence than could otherwise be imposed. The potential maximum sentence increased from 10 years to life. In McMillan v. Pennsylvania, 477 U.S. 79, 88-90, 91 L.Ed.2d 67, 106 S.Ct. *373 2411, 2417-18 (1986), however, the Supreme Court held that where the sentencing procedure and additional allegations may result only in a higher minimum sentence, the same due process safeguards required in Specht do not apply. The Supreme Court in McMillan approved a sentencing procedure by which the defendant must be sentenced to a 5-year mandatory minimum sentence if the sentencing judge concludes that the defendant "visibly possessed a firearm" during the commission of the offense. Although the issue of possession of a firearm is not submitted to the jury and the court's finding by a preponderance of the evidence divests the judge of the discretion to impose a sentence less than 5 years, the finding does not authorize the judge to sentence beyond the usual statutory maximum for the offense. Thus, the procedure does not violate due process nor deprive the defendant of his right to a jury trial.
Appellant relies also upon State v. Frazier, 81 Wn.2d 628, 503 P.2d 1073 (1972) and State v. Nass, 76 Wn.2d 368, 456 P.2d 347 (1969) in support of his argument. These cases are inapposite. First, in each of those cases, the issue was the presence of an aggravating factor (sale of narcotics to a minor in Nass and possession of a firearm in Frazier) which resulted in a mandatory minimum sentence that the trial court must impose. Here, the issue is a discretionary decision by the trial court that does not rise to the level of creating a mandatory sentence. Moreover, although the court found in each case that the aggravating factor must be pleaded by the prosecutor and submitted to the jury before it could be used at sentencing, at least the Frazier court specifically relied upon Specht v. Patterson, supra, and its analysis of federal constitutional law; therefore, in light of McMillan v. Pennsylvania, supra, this analysis is now questionable.
Appellant also relies upon State v. Whittington, 27 Wn. App. 422, 618 P.2d 121 (1980). In Whittington, the Court of Appeals, again relying in large part upon Specht v. Patterson, supra, held that, in a manifest injustice proceeding, *374 Whittington was entitled to "all the procedural safeguards normally required in any criminal trial." Whittington, at 426. In Whittington, the court found the procedures followed to be sufficient to meet due process standards. Although the prosecutor informed appellant that it would seek a manifest injustice, in addition, the court noted that:
[t]he presentence report submitted by Whittington's probation counselor recommended a finding of manifest injustice and stated the reasons for such a recommendation. It also recommended that the increased penalty ultimately imposed, i.e., a period of 52 weeks in the custody of DSHS, Department of Institutions. The record reveals that Whittington's counsel received and reviewed the report before the disposition hearing.
Whittington, at 426.[2] The sole difference between this case and Whittington is that here the prosecutor did not join in the manifest injustice recommendation. However, we do not believe Whittington should be read to require that the prosecutor do so in order that due process be satisfied.
We therefore conclude that appellant's contention that a manifest injustice cannot be imposed unless the prosecutor seeks it is flawed. Such a requirement is inconsistent with the basic nature of the manifest injustice proceeding. Unlike the statutes involved in Specht v. Patterson, supra, the disposition court cannot declare a manifest injustice and impose a sentence beyond the statutory maximum for the offense. Further, unlike in Frazier and Nass, the trial court's discretion is not limited by any requirement that a certain factor, if found by the trial court, mandates a certain sentence. The trial court determines the existence of aggravating factors and alone determines whether any aggravating factors found support the imposition of an exceptional sentence. If the trial court determines that an exceptional sentence is not warranted, despite the existence of aggravating factors, the State may not appeal that decision. RAP 2.2(b).
*375 [2] Once the trial court concludes that a disposition within the standard range would effectuate a manifest injustice, the trial court is vested "with broad discretion" in determining the appropriate sentence to impose. State v. Tauala, 54 Wn. App. 81, 86, 771 P.2d 1188, review denied, 113 Wn.2d 1007 (1989); State v. P, 37 Wn. App. 773, 778-79, 686 P.2d 488 (1984); State v. Strong, 23 Wn. App. 789, 794, 599 P.2d 20 (1979). This is a very different situation than the mandatory minimum sentences involved in Frazier or Nass or the enhanced maximum involved in Specht.[3]
Appellant in this case had written notice that the probation counselor was seeking a manifest injustice of 103 weeks. The probation counselor filed a notice of intent to seek a manifest injustice 10 days before appellant entered a plea of guilty. The probation counselor filed a presentence report and was present at the disposition hearing. Appellant had notice of the manifest injustice and the trial court had the authority to impose a manifest injustice sentence. There was no error.

LENGTH OF SENTENCE
Appellant argues that the 103-week sentence is "clearly excessive". The length of a sentence beyond the standard range must find support in the record. State v. P, supra. A sentence "cannot come out of thin air." State v. Wood, 42 Wn. App. 78, 84, 709 P.2d 1209 (1985), review denied, 105 Wn.2d 1010 (1986). Once a manifest injustice is found, the length of sentence is reviewed for a manifest abuse of discretion. State v. P, supra at 778-79.
In the instant case, the probation counselor informed the court that appellant had been under parole supervision but had made no progress. In fact, appellant was detained three times for violating conditions of parole and continued to *376 commit new offenses both while on parole and on personal recognizance. The counselor attempted to work out educational programs and counseling programs in the community, but these programs had no effect and appellant continued to offend. The counselor felt that nothing short of a secure setting "which is only available through the Department of Juvenile Rehabilitation" would insure "any kind of safety either to the defendant, the defendant's family or the community." Appellant's mother addressed the court and recommended that appellant be committed for 2 years. "We just can't go through this no more."
Hence, the sentence imposed did not come out of "thin air". The trial judge stated that he accepted the probation counselor's recommendation which seemed "very well reasoned". The judge noted that it was difficult to talk about placement in a community program, as defense counsel proposed, because no specific program had been presented.
[3] In conclusion, it is apparent that appellant had serious problems. Appellant, who was only 13 years of age, had already had 14 referrals in his young life and had continued to offend. He had apparently exhausted his family and the potential for community supervision, at least at that point in his life. Given the extreme circumstances, we cannot say the sentence was imposed on untenable grounds or for untenable reasons. It is neither clearly excessive nor an abuse of discretion. State v. Tauala, supra at 86-87; State v. S.P., 49 Wn. App. 45, 48, 746 P.2d 813 (1987), rev'd on other grounds, 110 Wn.2d 886, 891, 756 P.2d 1315 (1988).
The judgment of the trial court is affirmed.
NOTES
[1] Appellant also asserts that his right to confront and cross-examine witnesses against him was violated by the trial court's consideration of the report of Dr. Robert Wheeler. The prosecutor has responded that the report of Dr. Wheeler was considered only at appellant's competency hearing before a different judge. The record was sealed and removed from the court file and was not available to the disposition judge. There was thus no error.
[2] The constitutional basis of Whittington has been questioned by our Supreme Court in State v. S.P., 110 Wn.2d 886, 889 n. 1, 756 P.2d 1315 (1988). However, the S.P. court did not reach the constitutional issue, disposing of the case on statutory grounds instead. S.P., at 889.
[3] Appellant also argues that the procedure violates article 1, section 22 of the Washington Constitution. To the extent that appellant appears to be making an argument that the Washington Constitution may provide broader protection in these matters than the federal constitution, we decline to consider this argument because appellant has not properly briefed a state constitutional issue. State v. Wethered, 110 Wn.2d 466, 472, 755 P.2d 797 (1988).