[No. 50-40493-2.    Division Two.    April 2, 1970.]

SANFORD S. LEINUM et al., *Respondents*, v. CONTINENTAL CASUALTY COMPANY, *Appellant*.

*Burkey, Marsico, Rovai & McGoffin* and *Stanley J. Burkey*, for appellant.

*Jacobs, Steiner & Smith* and *Edmund F. Jacobs*, for respondents.

PETRIE, J.—This is an appeal which requires interpretation of a disability insurance policy issued by defendant, Continental Casualty Company, and insuring the plaintiff,

Sanford S. Leinum. The matter was tried to the court on an agreed statement of facts, which we set forth herein in full:

The plaintiff herein is a 48-year-old man who, prior to the accident and injury which is the subject of the litigation in this case, had been regularly employed as a truck driver and/or a truck driver/salesman for all of his adult working life; that the plaintiff knows no other specialized work nor has he had vocational training for any other employment; that on October 12, 1964 the plaintiff purchased a policy of business and professional disability insurance from the defendant, Continental Casualty Company, paying all premiums due thereon, the said policy being number 31461439 and to be admitted in evidence in its entirety by the Court; that on the 18th day of June, 1965 the plaintiff suffered serious back injuries in a fall within the scope of his employment, the injuries including the rupture of an intervertebral disc for which the plaintiff thereafter underwent surgery; that the plaintiff contends that he is unable to be gainfully employed at his former occupation of truck driver, and it is agreed and stipulated by the parties hereto that the plaintiff, in fact, has been unable ever since the accident to be gainfully employed at his former employment or as a truck driver or in any other like employment which involves moderate to heavy lifting; that the plaintiff has been, however, since August, 1966 and presently is employed as a lumber grader which involves some manual labor; that the defendant insurance company paid to the plaintiff the monthly indemnity stated in the policy for a period of one year, but has refused to pay any further indemnity under the terms of the policy, contending that no indemnity is required of them so long as the plaintiff is gainfully employed at a job which he is capable of performing; that the plaintiff contends that he is entitled to disability from the defendant for so long as he is unable to perform his former employment as a truck driver or truck driver/salesman; that the defendant has not paid the plaintiff any disability since June 18, 1966.

That the jury requested in this case shall be dismissed and that no evidence, other than the insurance policy hereinbefore mentioned and this stipulation, shall be introduced into evidence in this case, and that any issues of fact not herein stipulated, and all issues of law in this case shall be submitted to the Judge herein for decision.

The policy contains a definition of the term "total disability" as follows:

A. TOTAL DISABILITY. When, as the result of injury and commencing while this policy is in force, the Insured is wholly and continuously disabled and prevented from performing each and every duty pertaining to his occupation, the Company will pay periodically the Monthly Indemnity stated in the Schedule for the period the Insured is so disabled, not to exceed twelve consecutive months. Subject to the "Maximum Period Total Disability Accident Indemnity" stated in the Schedule and after the payment of Monthly Indemnity for twelve months as aforesaid, the Company will continue the periodic payment of Monthly Indemnity so long as the Insured is wholly and continuously disabled and prevented by reason of said injury from engaging in each and every occupation or employment for wage or profit for which he is reasonably qualified by reason of education, training or experience.

After hearing argument, the court entered findings of fact and conclusions of law in favor of plaintiff; and on May 27, 1968, entered a judgment which provided in part:

1. That the plaintiffs are granted judgment against the defendant for the sum of $250.00 per month from June 19, 1966 until the present time and until such time in the future as it has been judicially determined that the disability under which the plaintiff is presently suffering and which gives rise to this judgment no longer exists.

On appeal, defendant Continental Casualty Company has assigned error to all of the findings of fact (excepting only the finding that the court accepted the statement of facts as stipulated to by the parties), and to all of the conclusions of law (excepting only that the court had jurisdiction of the parties and subject matter of the action).

As a preliminary matter, we should emphasize that the parties are in agreement that the defendant has fulfilled its obligation to the plaintiff with regard to payment of benefits for the first 12-month period. We are called upon to ascertain what defendant's obligation is to plaintiff after the initial 12-month period.

We need concern ourselves initially with what might best be categorized as a conclusional portion of finding of fact No. 2, which provides in part:

This policy provides on its face that the Profession or Occupation of the plaintiff, the named insured, classified his occupation as "Dairy and Creamery Business." That the effective date of that declaration and classification was October 12, 1964.

That this classification was an acknowledgment and classification by the defendant of *all the skills* the plaintiff had developed in his lifetime prior to that date, and that the classification "Dairy and Creamery Business" obligated the defendant to pay to the plaintiff under the terms of the policy if he was thereafter unable to be employed in the "Dairy and Creamery Business", performing the duties he was performing at the time the policy was taken out on October 12, 1964.

That this classification made by the defendant was binding upon it and an acknowledgment that these were the *only skills* which the plaintiff was reasonably qualified to perform by reason of his education, training or experience at that time.

(Italics ours.)

As we view the definition of the term "total disability" in the policy there are two separate and distinct facets thereto: one pertaining to the first 12 months of the plaintiff's disability, and the other pertaining to his disability thereafter. During the first 12-month period the defendant was obligated to—and did—pay the plaintiff benefits under the terms of the policy so long as the plaintiff was prevented by reason of his injury from performing each and every duty pertaining to his occupation as a truck driver in the dairy and creamery business. After the 12-month period, the defendant was obligated to pay plaintiff benefits so long as he was prevented by reason of his injury from engaging in an occupation for wage or profit for which he was reasonably qualified by reason of education, training or experience. The two facets of the definition cannot be merged without imposing a grave distortion upon the terms of the policy.

■ It appears to us that the trial court's interpretation of the terms of the policy—as set forth in finding of fact No. 2—overstates the significance of the classification of the insured's occupation as "Dairy and Creamery Business." We cannot accept an interpretation of the policy provisions which supports a finding that classification of a person's occupation at the time of issuance of the policy constitutes an acknowledgment that such occupational skills are the *only* skills which the insured possesses at that time. We are not unmindful of the rule of construction which requires the court to resolve ambiguities in a contract of insurance in favor of the insured. *Selective Logging Co. v. General Cas. Co. of America*, 49 Wn.2d 347, 301 P.2d 535 (1956). However, we cannot create an ambiguity where none exists; neither may we countenance nor adopt a strained or forced construction. *Lawrence v. Northwest Cas. Co.*, 50 Wn.2d 282, 311 P.2d 670 (1957).

Next, we note that defendant does not contend that benefits would terminate if, *after* injury, plaintiff could be trained for some occupation for which he was not qualified prior to injury.

Having examined the law of the case, we are now in a position to specify what factual burden the plaintiff had to meet in order to receive disability benefits after the first year following injury. The ultimate *fact* which the plaintiff had the burden of establishing is that 1 year following June 18, 1965, he was wholly and continuously disabled and prevented by reason of said injury from engaging in each and every occupation or employment for wage or profit for which he was, on or before the date[1] of injury reasonably qualified by reason of education, training or experience.

Plaintiff contends that he has met such burden and that

---

[1]Plaintiff contends that the critical date is the date of issuance of the policy; but we need not resolve that dispute because under the agreed facts it is immaterial which date is determined to be the critical date.

the trial court has so determined in the portion of finding of fact No. 2, which provides:

That the Court found from the evidence that the plaintiff has been employed since August 1966 as a lumber grader, but that this was a skill which the plaintiff had not possessed by reason of any education, training or experience prior to October 12, 1964.

The first part of this portion of the finding is, of course, merely a recognition of the stipulated fact, "that the plaintiff has been, however, since August, 1966 and presently is employed as a lumber grader which involves some manual labor." Date of the trial was November 8, 1967. Hence, the plaintiff had been so employed for more than a year. There is no direct evidence that prior to his injury, plaintiff had no ability by reason of education, training or experience to be employed as a lumber grader. Hence, the second part of this portion of the finding appears to have been resolved by the court from a combination of (1) the court's interpretation of the policy and (2) the court's inferences from the remainder of the stipulated facts.

We have already rejected the court's interpretation of the policy which could support this part of the finding. Are there inferences from the stipulated facts which support the declaration in the finding that the plaintiff did not, by reason of education, training or experience, have the requisite ability to be employed as a "lumber grader" prior to October 12, 1964? If such inferences exist, they must spring from that portion of the stipulated facts which declares that the plaintiff "had been regularly employed as a truck driver and/or truck driver/salesman for all of his adult working life; that the plaintiff knows no other specialized work nor has he had vocational training for any other employment." In searching for such inferences, we are no longer interpreting the policy, but rather, we are examining the evidence presented at trial to ascertain whether or not those facts presented, or reasonable inferences therefrom, support the court's finding.

An inference is a logical conclusion which may be

drawn from a known fact. *Fannin v. Roe*, 62 Wn.2d 239, 382 P.2d 264 (1963). If the conclusion necessarily flows from the established facts, it will be categorized as a necessary inference not required to be presented to the trier of the facts for resolution. *Thompson v. Ezzell*, 61 Wn.2d 685, 379 P.2d 983 (1963). If, however, the conclusion is merely one of several reasonable conclusions ascertainable from the established facts, it is categorized as a conflicting inference, and the trier of the facts is permitted to make such resolution. *Martin v. Insurance Co. of North America*, 1 Wn. App. 218, 460 P.2d 682 (1969). Ordinarily, that resolution will not be disturbed on appeal. *Mood v. Banchero*, 67 Wn.2d 835, 410 P.2d 776 (1966). However, where the trial court resolves conflicting inferences all of which spring solely from the face of a written instrument, the appellate court is in as good a position as the trial court to resolve the conflicting inferences even though the trial court's resolution thereof be labeled a finding of fact. *In re Estate of Larson*, 71 Wn.2d 349, 428 P.2d 558 (1967).

In the case at bar, in order to sustain the trial court's finding that the plaintiff had no "skill" as a lumber grader prior to October 12, 1964, we would have to (1) declare that such was a necessary inference from the agreed facts, or (2) agree with the trial court's resolution of one of several conflicting inferences. We can do neither.

The inference was not necessary, because the type of lumber grading the plaintiff performed for more than a year was not in any fashion explained and might well have been the kind of employment for which a 48-year-old man could reasonably be expected to qualify by reason of his general and inherent capabilities. Furthermore, we think the latter inference much more realistic than the inference that somehow the plaintiff acquired such "skill" subsequent to October 12, 1964 through education, training or experience.

However, we do not choose to resolve the issues presented by this appeal upon such a narrow and tenuous base as a differing method of resolving conflicting inferences

from given facts. Assuming for the moment that the type of lumber grading at which plaintiff was employed for over a year required a special skill which he did not possess by reason of education, training or experience prior to October 12, 1964, does reaching that conclusion sustain plaintiff's burden? We think not.

The plaintiff has established merely that since the date of injury—and because thereof—he has been unable to be gainfully employed as a truck driver or truck driver/salesman or in any other like employment which involves moderate to heavy lifting; that he knows no other *specialized* work nor has he had *vocational* training for other employment. In order to declare that plaintiff has sustained the burden of proof required of him, we would have to find that the foregoing limitations constituted the universe of employment opportunities available to an adult male who is not shown to be other than reasonably well oriented mentally, and who has, in fact, been employed for many years in an occupation which necessarily required a reasonable amount of intelligence, the exercise of responsible judgment, and contact with the world of commerce.

The burden imposed upon the plaintiff by reason of the terms of this policy of insurance is not basically different from the burden established by a long line of prior decisions of the Supreme Court adopting a liberal interpretation of slightly varied definitions of total disability. A plaintiff must prove that he cannot, with any degree of success, within the range of his normal capabilities, earn wages or profit in some occupation or gainful pursuit. *Storwick v. Reliance Life Ins. Co.*, 151 Wash. 153, 275 P. 550 (1929); *Kuhnle v. Mutual Life Ins. Co.*, 20 Wn.2d 255, 147 P.2d 281 (1944). *See also Tucker v. Bankers Life & Cas. Co.*, 67 Wn.2d 60, 406 P.2d 628 (1965) where the term "any occupation" clearly means considerably more than his regular and customary occupation.

We hold the plaintiff has not sustained the burden of proof required in order to receive disability benefits under

the policy issued to him by the defendant. The judgment appealed from is reversed, and this case remanded with instruction to dismiss plaintiff's complaint.

ARMSTRONG, C. J., and PEARSON, J., concur.

Petition for rehearing denied May 7, 1970.