[No. 6026-1.   Division One.   November 13, 1978.]

*In the Matter of the Welfare of*
VIVETTE MARIE KIER, ET AL.

*Paul L. Raymond,* for appellant.

*Slade Gorton, Attorney General,* and *G. Bruce Clement, Assistant,* for respondent.

RINGOLD, J.—This is an appeal from an order of a juvenile court permanently depriving the mother, Annette Kier, of her parental rights over two children, Vivette Marie Kier and Patrice Lumumba Washington.

The order of the court awarded permanent custody of Vivette to the Washington State Department of Social and Health Services (DSHS) with full power and authority to place the child in an adoptive home and to consent to her adoption. Permanent custody of Patrice was awarded to his natural father. The sole assignment of error is made to one portion of the court's finding of fact No. 19: "She [the

mother] will not be capable of resuming the care and custody of either child within the foreseeable future." We find no error in the entry of this finding of fact and affirm.

The history of this case is detailed in extensive findings of fact made by the trial court, which we summarize.

Patrice and Vivette are 8 and 11 years old, respectively. From the time of her birth until January 1969, Vivette was in the care of someone other than Ms. Kier. In September 1970, DSHS received a report of the mother inflicting physical abuse upon her children. Thereafter various foster placements occurred before the children were returned to their mother on November 1, 1972, where they stayed until October 1974.

After Ms. Kier's hospitalization in October 1974 for a psychiatric episode, dependency was established by court order on October 31, 1974. DSHS petitioned for deprivation and at the trial in October 1975, Dr. Charles Huffine testified that Ms. Kier suffers emotional problems which handicap her functional capacity and that she is often unable to control her anger and aggression, thereby creating a risk that she will impulsively attack her children. He further reported that Vivette manifested symptoms of emotional scarring and personality aberration consistent with a history of poor parenting. Testimony was uncontradicted that both children were in extreme need of a stable environment. Dr. Huffine concluded that Ms. Kier would probably never be able adequately to care for her children. The court deferred ruling and continued the proceedings to give Ms. Kier an opportunity to order her life so that she could care for her children. Since that hearing Ms. Kier has been charged with the crime of arson for setting fire to her apartment, but acquitted by reason of insanity.

In late September 1977, the hearing on the petition for deprivation of parental rights was reopened. In his report admitted into evidence, Dr. John Wallace concluded that Ms. Kier's angry impulses led to destructive acting out. Three separate caseworkers testified that Ms. Kier is

inclined to hysterical outbursts of obscene, vindictive comments to her children and the caseworkers. They also stated that the children feared their mother and were disinclined to visit her. On the basis of the evidence adduced in October 1975, and at the later hearing, the court ordered permanent deprivation in September 1977.

Ms. Kier contends that she no longer receives disability income and is in intensive psychiatric counseling, that she has enrolled in a GED program at Seattle Community College and that she feels that she has a chance for improvement. The mother then argues that this is a case which calls for the kind of forbearance shown by the Supreme Court in *Lovell v. House of Good Shepherd*, 9 Wash. 419, 37 P. 660 (1894).

■ Although not clearly articulated by Ms. Kier, the issue is whether there is clear, cogent and convincing evidence to support permanent deprivation of her parental rights. This is the standard mandated by *In re Sego*, 82 Wn.2d 736, 513 P.2d 831 (1973). "This is the equivalent of saying that the ultimate fact in issue must be shown by evidence to be 'highly probable.'" *In re Sego, supra* at 739.[1] When the burden of proof requires evidence which is clear, cogent and convincing, a reviewing court must review the record to see whether there is substantial evidence to support the trial court's findings.

---

[1]The court in *In re Sego*, 82 Wn.2d 736, 513 P.2d 831 (1973) held that "[T]he question to be resolved is not merely whether there is 'substantial evidence' to support the trial court's ultimate determination of the factual issue but whether there is 'substantial evidence' to support such findings in light of the 'highly probable' test." *Sego*, at 739. We interpret this language as an effort by the Supreme Court to fashion a different standard of appellate review for trials in which the burden of proof was the preponderance of the evidence from that for trials in which the burden of proof was clear, cogent, and convincing evidence. The two cases relied upon by the *Sego* court in fashioning its "highly probable test" purport to describe only the trial level burden of proof, not the standard of appellate review. *Supove v. Densmoor*, 225 Ore. 365, 358 P.2d 510 (1971). The following analogy illustrates the import of those cases: Preponderance of the evidence is to more probably true than not true as clear, cogent, and convincing evidence is to highly probably true. The "high probability" criterion, then, serves only as a measure of the probable *truth* of the evidence.

■■■ The rights of parents must yield to the rights of the children when deprivation of parental rights is in the best interest of the children. *In re Hauser,* 15 Wn. App. 231, 548 P.2d 333 (1976). When parents have had an adequate time in which to rehabilitate themselves, their failure to do so is a factor the court should consider. *In re Hauser, supra; In re Russell,* 70 Wn.2d 451, 423 P.2d 640 (1967). The evidence here reflects abuse of the children by Ms. Kier on more than one occasion. The expert testimony to the effect that she has abusive impulses and the testimony of caseworkers as to her abusive attitude during visits all provide substantial evidence by which the trial court's findings were made.

The trial judge had an opportunity during 7 days of trial to observe the mother, her demeanor and behavior and was in an especially good position to judge the other testimony about her capabilities. The trial judge was required to assess the future capability of Ms. Kier to care for her children.

■ The trier of the fact may draw all inferences fairly deducible from the evidence. *Leinum v. Continental Cas. Co.,* 2 Wn. App. 233, 469 P.2d 964 (1970). The testimony at both hearings, the expert testimony assessing Ms. Kier's ability to care for her children, and the events subsequent to the 1975 hearing provided substantial evidence for the trial court fairly to deduce the mother's inability to resume the care of the children. The finding of the trial court is supported by substantial evidence in the record.

In *Hollingbery v. Dunn,* 68 Wn.2d 75, 82, 411 P.2d 431 (1966) the court commented on the function of an appellate court in reviewing evidence.

Our function begins and ends with ascertaining whether the challenged finding of fact, as entered by the trial

The *Sego* court goes on to say, however, that an appellate court may not evaluate credibility or weight of evidence. *Sego,* at 737–40. Because we cannot envision any means of applying the *Sego* "high probability test" without inexorably passing upon the quality of the evidence, we have chosen to follow the traditional substantial evidence quantitative rule as clearly supported by the rationale of the opinion.

court, is supported by substantial evidence and, if so, whether the findings as a whole sustain the challenged conclusion of law.

*See also In re Sego, supra.*

Under the circumstances here the rights of the parent must yield to the children's rights because there is substantial evidence that the best interests of the children will be served by deprivation of Ms. Kier's parental rights.

Affirmed.

ANDERSEN, A.C.J., and SWANSON, J., concur.