[No. 13779–8–II.   Division Two.   May 13, 1991.]

*In the Matter of the Dependency of*
C.B., ET AL.

*David G. Skeen,* for appellant (appointed counsel for appeal).

*Kenneth O. Eikenberry, Attorney General,* and *Stephen H. Hassett, Assistant,* for respondent.

*DeFawn Gaskell,* as guardian ad litem.

MORGAN, J.—Appellant is the mother of D.B., born March 31, 1979, and C.B., born November 6, 1981. On November 21, 1988, the State alleged that both children were dependent. In summary form, its allegations were as follows: (1) The mother failed to provide adequate food. (2) The 2-bedroom home was filthy and was occupied by the mother, the two children and four other adults. (3) The mother left the children with inappropriate caretakers. (4) Friends of the mother used up D.B.'s medication and she failed to replace it. (5) The mother had a history of cocaine addiction. She had not been in treatment and had failed or refused to attend counseling. (6) The mother had allowed the children to observe drug use by her friends and physical abuse of her by her boyfriend. In addition, she had "failed to protect" C.B. from the boyfriend.[1] (7) The mother failed to insure that the children attended school, and that they were dressed appropriately for school.

On February 16, 1989, an agreed order was entered. It provided that the mother did not dispute the above allegations, and that the children would be placed in foster care under supervision of the Department of Social and Health Services (DSHS). It also specified the corrective actions that the mother would be expected to take. In summary form, those were as follows: (1) Obtain a drug/alcohol evaluation, comply with its recommendations, and submit to random urinalysis. (2) Establish a safe and stable home environment, and work with a homemaker in order to develop the skills needed to maintain it. (3) Participate in a support group for battered women, and obtain an order of protection against the boyfriend. (4) Participate in weekly supervised visits with the children.

On October 28, 1989, the State filed a petition for termination of the mother's parental rights. After a 1–day hearing held on January 3, 1990, the trial court terminated the

---

[1]When read in conjunction with findings made at the termination hearing, this appears to be an allegation that C.B. was physically harmed while trying to protect the mother from physical abuse by the boyfriend. Finding of fact 1.10.

mother's parental rights on the basis of findings that can be paraphrased and summarized as follows: (1) On April 10, 1989, the mother underwent drug/alcohol evaluation. The evaluator recommended complete abstention, plus intensive outpatient treatment beginning April 17, 1989. (2) On or about April 15, 1989, the mother was arrested in a drug raid on the house where she was then residing, and shortly thereafter, she moved to California without telling DSHS. (3) In early September 1989, the mother returned to Washington with the intent to enter drug/alcohol treatment. On December 15, 1989, she entered a 90–day inpatient treatment program, and on December 17, 1989, she voluntarily left it. (4) Between February 16, 1989, the date of the agreed dispositional order, and January 3, 1990, the date of the termination hearing, the mother failed to comply with any of the services ordered, although all reasonably available services had been offered to her. In addition, she failed to establish a safe and stable home environment. (5) As of the date of the hearing, January 3, 1990, there was little likelihood that the conditions generating the dependencies could be remedied, and continuation of the mother–child relationships clearly diminished the prospects of integrating the children into a stable and permanent home.

On appeal, the mother makes two major contentions. First, she argues that various findings were not supported by substantial evidence. Second, she argues that she did not have the effective assistance of counsel.

### SUBSTANTIAL EVIDENCE

In every case, there is both a burden of persuasion and a burden of production. *See* E. Cleary, *McCormick on Evidence* 946–52 (3d ed. 1984). The burden of persuasion is applied by the trier of fact. Its function is to define how certain the trier of fact must be before resolving an issue of fact in favor of the party having the burden of proof. Thus, depending on the type of case, the trier of fact must find that there is proof beyond a reasonable doubt, proof by

clear, cogent and convincing evidence, or proof by a preponderance of the evidence. *McCormick,* at 956–64.

The burden of production is applied by the judge. Its function is to identify whether there is an issue of fact to be submitted to the trier of fact for its decision. *McCormick,* at 952–56. If there is, the issue is deferred to the trier of fact for decision. Deferral is accomplished by taking the evidence and the reasonable inferences therefrom in the light most favorable to the nonmoving party.

In Washington parental termination cases, the burden of persuasion is well established. The State must prove its case by clear, cogent and convincing evidence. RCW 13.34-.190(1).

In such cases, however, the burden of production is not clear. Speaking of the burden of production,[2] the Washington Supreme Court said in *In re Sego,* 82 Wn.2d 736, 739, 513 P.2d 831 (1973):

> We are firmly committed to the rule that a trial court's findings of fact will not be disturbed on appeal if they are supported by "substantial evidence". *Sylvester v. Imhoff,* 81 Wn.2d 637, 503 P.2d 734 (1972). Nevertheless, evidence that may be sufficiently "substantial" to support an ultimate fact in issue based upon a "preponderance of the evidence" may not be sufficient to support an ultimate fact in issue, proof of which must be established by clear, cogent and convincing evidence. *See In re Estate of Reilly,* 78 Wn.2d 623, 640, 479 P.2d 1 (1970). Thus, the question to be resolved is not merely whether there is "substantial evidence" to support the trial court's ultimate determination of the factual issue but whether there is "substantial evidence" to support such findings in light of the "highly probable" test.

(Footnote omitted.) And in *In re Hall,* 99 Wn.2d 842, 849, 664 P.2d 1245 (1983) the court said:

> The sole issue suggested by Mr. Hall's counsel is insufficiency of the evidence to support the trial court's findings. We

---

[2]Whether the burden of production has been met can be tested at various times during the litigation process. When it is to be tested on appeal, that is done by claiming that there was not "substantial evidence" to support the findings or verdict entered in the trial court. To say that there was not "substantial evidence" is to say that the burden of production was not met; to say that there was "substantial evidence" is to say that the burden of production was met.

will not disturb the findings of the trial court as long as they are supported by "substantial evidence". *In re Sego,* 82 Wn.2d 736, 739, 513 P.2d 831 (1973). This deference to the trial court is particularly important in deprivation proceedings. *In re Aschauer,* 93 Wn.2d 689, 695, 611 P.2d 1245 (1980). On the other hand, since the State must prove its case by clear, cogent, and convincing evidence, the evidence must be more substantial than in the ordinary civil case in which proof need only be by a preponderance of the evidence. *In re Sego, supra* at 739.

Later cases to the same effect include *In re Pawling,* 101 Wn.2d 392, 399, 679 P.2d 916 (1984) (parental termination in the context of an adoption proceeding); *In re LaBelle,* 107 Wn.2d 196, 209, 728 P.2d 138 (1986) (mental illness case);[3] *In re H.J.P.,* 114 Wn.2d 522, 532, 789 P.2d 96 (1990) (parental termination in the context of an adoption proceeding);[4] *In re Churape,* 43 Wn. App. 634, 638, 719 P.2d 127 (1986) (parental termination case); *Krause v. Catholic Comm'ty Servs.,* 47 Wn. App. 734, 746, 737 P.2d 280 (parental termination case), *review denied,* 108 Wn.2d 1035 (1987); *In re P.D.,* 58 Wn. App. 18, 25, 792 P.2d 159, *review denied,* 115 Wn.2d 1019 (1990).

*Sego*'s "highly probable" test has caused confusion. In *In re Ott,* 37 Wn. App. 234, 237 n.2, 679 P.2d 372 (1984) the Court of Appeals said:

A threshold question concerns the appropriate standard of review in this case. Mr. Ott contends that the usual substantial evidence test does not apply when findings of fact must be proven by clear, cogent, and convincing evidence:

[E]vidence that may be sufficiently "substantial" to support an ultimate fact in issue based upon a "preponderance of the evidence" may not be sufficient to support an ultimate fact in issue, proof of which must be established by clear, cogent and convincing evidence. Thus, the question to be resolved is not merely whether there is "substantial evidence" to support the trial court's ultimate determination of the factual

---

[3]Although *LaBelle* is a mental illness case, the burden of production problem is the same as in a parental termination case, because in both types of cases, the burden of persuasion is clear, cogent and convincing evidence. *See LaBelle,* at 209.

[4]Although *H.J.P.* was an adoption case, the burden of production problem is again the same. See the preceding footnote.

issue but whether there is "substantial evidence" to support such findings in light of the "highly probable" test.

(Footnote and citation omitted.) *In re Sego,* 82 Wn.2d 736, 739, 513 P.2d 831 (1973). *Accord, In re Hall,* 99 Wn.2d 842, 849, 664 P.2d 1245 (1983). However, this court has declined to follow the *Sego* standard of review, in a case involving the termination of parental rights:

> The *Sego* court goes on to say, however, that an appellate court may not evaluate credibility or weight of evidence. *Sego,* at 737–40. Because we cannot envision any means of applying the *Sego* "high probability test" without inexorably passing upon the quality of the evidence, we have chosen to follow the traditional substantial evidence quantitative rule as clearly supported by the rationale of the opinion.

*In re Kier,* 21 Wn. App. 836, 839 n.1, 587 P.2d 592 (1978). . . . *See also In re Ramquist,* 52 Wn. App. 854, 860, 765 P.2d 30 (1988), *review denied,* 112 Wn.2d 1006 (1989).

*Sego* becomes clear, however, if its "highly probable" test is reworded so as to parallel the way in which the burden of production is described in other types of cases. In criminal cases, the State meets its burden of production by introducing evidence from which a rational trier of fact could find beyond a reasonable doubt the facts required by the substantive criminal statute. *Jackson v. Virginia,* 443 U.S. 307, 324, 61 L. Ed. 2d 560, 576–77, 99 S. Ct. 2781 (1979); *State v. Green,* 94 Wn.2d 216, 220–22, 616 P.2d 628 (1980). By analogy, the nonmoving party in an ordinary civil case meets its burden of production by introducing evidence from which a rational trier of fact could find by a preponderance of the evidence the facts required by the substantive law defining its claim or defense. And by further analogy, a nonmoving party in a civil case in which the proof must be clear, cogent, and convincing meets its burden of production by introducing evidence from which a rational trier of fact could find by clear, cogent and convincing evidence the facts required by the substantive law defining its claim or defense. These formulations cause the burden of production to vary in accordance with the burden of persuasion—as the burden of persuasion increases, so also does the burden of production, *see McCormick,* at

953—but they leave intact the concept of "substantial evidence". To say that there is "substantial evidence" is a shorthand way of saying that the burden of production has been met, and this is true no matter how the burden of production is defined.

Reworded to accord with these formulations, *Sego* holds that in parental termination cases, the burden of production is not satisfied by evidence from which a rational trier of fact could find the necessary facts by a preponderance of the evidence. Rather, there must be evidence from which a rational trier of fact could find the necessary facts by clear, cogent and convincing evidence. This formulation comports with *In re Hall, supra,* in which the Supreme Court stated that the evidence in parental termination cases "must be more substantial than in the ordinary civil case . . .." *Hall,* 99 Wn.2d at 849. It also meets the objection voiced in *In re Ott, supra,* and *In re Kier,* 21 Wn. App. 836, 587 P.2d 592 (1978), for it makes clear that the trial judge, when dealing with the burden of production, is not to weigh the credibility of witnesses, but is to take the evidence in the light most favorable to the nonmoving party.

Turning now to this case, the mother's contention regarding the findings can be subdivided into three groups of factual objections. First, she argues that the evidence was insufficient to support findings that she left Washington in April 1989, without notifying DSHS; that she moved to California; that she did not participate in services there; that after she returned to Washington and entered inpatient treatment, she left within 2 days; and that during the 11 months between the order of dependency and the termination hearing, she failed to comply with any of the services ordered, except for obtaining a drug/alcohol evaluation. Clearly, all of these findings were supported by substantial evidence under the *Sego* test—indeed, they were virtually undisputed. Moreover, they were sufficient, under the *Sego* test, to support reasonable inferences that the facts required by RCW 13.34.190 existed, notwithstanding the

evidence and argument by which the mother attempted to justify her conduct or lack thereof. Cf. *In re Siegfried,* 42 Wn. App. 21, 27, 708 P.2d 402 (1985) (trial court has broad discretion to evaluate evidence in light of best interests of child).

Second, the mother points to certain findings that, when summarized, establish that she had been unable to care for the children, that it was unlikely she would be able to do so in the future, and that continuation of the parent–child relationships diminished the children's prospects for early integration into a stable and permanent home. Again, each finding was clearly supported by substantial evidence under the *Sego* test.

█ The real assertion underlying this second group of objections seems to be that it was improper for the trial court's findings to parallel and to a partial extent parrot the statutory elements set out in RCW 13.34.180. The degree of particularity required in findings of fact depends on the circumstances of the particular case, the basic requirement being that the findings must be sufficiently specific to permit meaningful review. *In re LaBelle,* 107 Wn.2d 196, 218, 728 P.2d 138 (1986). Here, the findings were adequate to meet this requirement.

█ Third, the mother objects to the finding that she was arrested in a drug raid 5 days after her drug/alcohol evaluation. Her overt argument is that the finding was not supported by substantial evidence under *Sego.* Clearly it was, however, for the mother herself testified that she had been arrested and cited. The real argument is not that the evidence was insufficient, but rather that the trial court may have used the finding to improperly infer that the mother had engaged in the drug related conduct for which she was arrested. If the trial court did that, it erred. *Billington v. Schaal,* 42 Wn.2d 878, 881–82, 259 P.2d 634 (1953) (citation inadmissible); *Lundberg v. Baumgartner,* 5 Wn.2d 619, 623, 106 P.2d 566 (1940) (arrest inadmissible); *State v. Roberts,* 25 Wn. App. 830, 837–38, 611 P.2d 1297 (1980) (information not reduced to conviction inadmissible). However, in

view of all the other facts and circumstances of the case, any error was clearly and without doubt harmless. *In re A.W.*, 53 Wn. App. 22, 27, 765 P.2d 307 (1988), *review denied*, 112 Wn.2d 1017 (1989); *In re Ferguson*, 41 Wn. App. 1, 5, 701 P.2d 513, *review denied*, 104 Wn.2d 1008 (1985); *In re McGee*, 36 Wn. App. 660, 663, 679 P.2d 933, *review denied*, 101 Wn.2d 1018 (1984).

The judgment is affirmed.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

WORSWICK, C.J., and PETRICH, J., concur.