65 Wn. App. 771 (1992)
830 P.2d 375
THE STATE OF WASHINGTON, Respondent,
v.
E.J.H., Appellant.
No. 29381-8-I.
The Court of Appeals of Washington, Division One.
May 26, 1992.
Mary Jane Ferguson of Washington Appellate Defender Association, for appellant.
Norm Maleng, Prosecuting Attorney, and James W. Leslie, Deputy, for respondent.
PER CURIAM:
E.H., a juvenile, moved for accelerated review of a 52-week manifest injustice disposition imposed following his conviction of possession with intent to deliver cocaine. A commissioner of this court referred the matter to a 3-judge panel for accelerated review without oral argument. We affirm the sentence.

FACTS
At the age of 13, E.H. was charged with and convicted of possession with intent to deliver cocaine, based upon his participation in a sale of cocaine to an undercover officer in downtown Seattle.
Disposition on the charge, in addition to numerous other convictions, took place on October 9, 1991. At the disposition hearing, the State presented a written evaluation of E.H., performed by a psychologist. The report indicates that E.H.'s full-scale I.Q. is 76, which is borderline. Additionally, several test results suggest he may be brain damaged and possibly subject to autism and childhood schizophrenia. The *773 report further indicates that E.H. is hyperactive, suffers from an attention deficit disorder and is "given to uncontrollable rages".
The standard range for this offense was 21 to 28 weeks. Both the prosecutor and the probation counselor recommended a manifest injustice disposition of 52 weeks. The prosecutor argued that E.H.'s recent criminal history, failure to comply with recent dispositional orders, and the danger he presented to the community justified a manifest injustice disposition. As the prosecutor stated, E.H. is "totally out of control".
The probation counselor stated that a 52-week commitment would allow E.H. to adjust to an institutional setting, while further allowing sufficient time for the Department of Juvenile Rehabilitation (DJR) to test E.H., put an appropriate treatment plan into place and to possibly place him in a group home. The probation counselor further indicated that if E.H. remained in the community, he presented an "extremely high risk" to reoffend, thereby presenting a danger to the community. Finally, in the absence of treatment and/or confinement, E.H. presented a danger to himself.
The disposition judge entered a manifest injustice finding and imposed a 52-week sentence. The court cited numerous reasons in support of the manifest injustice finding, including recent criminal history, failure to comply with recent dispositional orders, and E.H.'s inability to comply with basic rules of society. The court found that E.H. presented a danger to the community and to himself and that a manifest injustice disposition presented essentially the last "opportunity to really reach him before things become critically out of control for this young man, and he either ends up a statistic himself or seriously harms others." The court found that in light of E.H.'s attention deficit disorder and lack of impulse control, a 52-week sentence was required in order to provide DJR with a reasonable opportunity to address E.H.'s needs.

*774 DECISION
The manifest injustice finding was entered in juvenile court on October 9, 1991. E.H. filed a notice of appeal on October 18, 1991, and moved for accelerated review in this court. Oral argument on the motion was presented to a commissioner on March 6, 1992. At that point, the State had failed to present and the trial court had failed to enter written findings of fact and conclusions of law in support of the manifest injustice disposition. In its brief, the prosecutor argued that written findings were not required. E.H. argued that written findings are required and the lack of written findings in this case required reversal of the manifest injustice disposition.
By written order dated March 27, 1992, a commissioner of this court referred the case to a 3-judge panel to determine whether written findings are required in support of a manifest injustice disposition. Following referral to this panel, the State presented written findings to the disposition judge, who signed them on April 16, 1992.

I
Although written findings have now been entered in this case, we take this opportunity to address the issue initially presented: whether written findings are required in support of a manifest injustice disposition. We conclude written findings are not required.
[1, 2] Neither the Juvenile Justice Act of 1977 (JJA) nor the court rules require entry of written findings in support of a manifest injustice disposition. In sentencing a middle offender, as was E.H., the JJA requires that the disposition judge "enter reasons" for its conclusion that a standard range sentence would effectuate a manifest injustice. RCW 13.40.160(4).[1] Had the Legislature intended to require written *775 findings, it would have so stated, as it did in RCW 13.40.110(3). That statute requires that when a decision is made regarding a decline of juvenile court jurisdiction, the trial court "shall set forth in writing its finding which shall be supported by relevant facts and opinions produced at the hearing." It is elementary that when the Legislature uses certain language in one instance, and different language in another, there is a difference in legislative intent. United Parcel Serv., Inc. v. Department of Rev., 102 Wn.2d 355, 362, 687 P.2d 186 (1984).
In contrast, the juvenile court rules do not expressly require entry of written findings in support of a manifest injustice disposition. Instead, JuCR 7.12(e) simply provides: "If the court imposes a sentence based upon a finding of manifest injustice, the disposition order shall set forth those portions of the record material to the disposition." JuCR 7.11(d), by contrast, expressly requires that following entry of a decision in an adjudicatory hearing, the trial court "shall enter written findings and conclusions in a case that is appealed."
[3] Finally, the absence of written findings does not preclude meaningful appellate review of a manifest injustice disposition. RCW 13.40.230 provides that in order for an appellate court to uphold a manifest injustice disposition, the court must find (1) the disposition court's reasons are supported by the record; (2) those reasons clearly and convincingly support the conclusion that a disposition within the standard range would constitute a manifest injustice; and (3) the sentence is neither clearly too lenient nor clearly too excessive. This statute authorizes appellate review of the whole record, including the trial court's oral ruling. State v. Holland, 98 Wn.2d 507, 517-18, 656 P.2d 1056 (1983); State v. Bryan, 93 Wn.2d 177, 184-85, 606 P.2d 1228 (1980); State v. P, 37 Wn. App. 773, 778, 686 P.2d 488 (1984) (court conducts independent review of the whole record). See also State v. Radcliff, 58 Wn. App. 717, 794 P.2d 869 (1990) (regarding imposition of "option B" sentence, the lack of written findings does not preclude appellate review if the *776 trial court's oral ruling sets forth the facts upon which it relies).

II
[4, 5] We next address E.H.'s challenge to the manifest injustice disposition in this case, which is solely that the sentence is clearly excessive. To affirm a manifest injustice disposition, the appellate court must find, in part, that the "sentence imposed was neither clearly excessive nor clearly too lenient." RCW 13.40.230(2)(b). "Once a determination of manifest injustice is found supportable, the trial court is vested with broad discretion in choosing an appropriate sentence. This discretion will be overturned only upon a showing of manifest abuse." State v. P, 37 Wn. App. at 778-79. In other words, a manifest injustice disposition is "excessive only when it cannot be justified by any reasonable view which may be taken of the record." State v. Strong, 23 Wn. App. 789, 795, 599 P.2d 20 (1979).
It cannot be said, upon review of the whole record, including the trial court's extensive oral decision and written findings, that the trial court abused its discretion by imposing a 52-week commitment. A 52-week commitment was recommended by the probation counselor, whose comments and written report indicate she spent considerable time thinking about E.H.'s particular needs. The probation counselor stated that 52 weeks was needed to allow E.H. to adjust to an institutional setting, and further to allow DJR sufficient time to test E.H., to put an appropriate treatment plan into place and to possibly place him in a group home. While these comments could be more detailed, it cannot be said that the probation counselor's recommendation came from thin air. In addition to incorporating the probation counselor's recommendation, the trial judge also ruled that in light of E.H.'s attention deficit disorder, inability to follow directions and lack of impulse control, a 52-week commitment was necessary to provide DJR with a reasonable opportunity to address E.H.'s needs.
E.H.'s reliance on State v. P, supra, is misplaced. Relying on State v. P, supra, E.H. argues the sentence is clearly *777 excessive because the record does not contain a showing that DJR could offer the testing and treatment needed to diagnose and address his needs. In State v. P, supra, the trial court imposed a manifest injustice disposition of 221 weeks for the sole purpose of rehabilitation. The appellate court found the sentence was clearly excessive because the only evidence before the trial court was the probation counselor's recommendation of 156 weeks and nothing in the record indicated that a course of treatment would exceed 156 weeks.
[6] In this case, however, the manifest injustice disposition was not imposed solely for rehabilitation. Instead, the court was further motivated by the need to remove E.H. from society, so as to protect both society and E.H. Similar reasons have been cited in rejecting "clearly excessive" challenges. See State v. Tauala, 54 Wn. App. 81, 87-88, 771 P.2d 1188 (where court focused on "the need to punish appellant and to remove him from society in order to adequately protect society", manifest injustice disposition was not clearly excessive), review denied, 113 Wn.2d 1007 (1989).
[7] E.H. further argues the sentence should be reversed because the disposition order fails to identify those portions of the record material to the disposition, as required by JuCR 7.12(e). The disposition order does, however, refer to and thereby incorporate the trial court's oral ruling. Our review of the trial court's oral ruling reveals the portions of the record that were material to the disposition. Moreover, the written findings plainly identify the portions of the record material to the disposition.
We affirm the manifest injustice disposition. E.H. has filed a separate brief arguing that his conviction should be reversed. Consequently, the decision on this motion for accelerated review does not dispose of the appeal.
NOTES
[1] RCW 13.40.160 sets forth various sentencing options depending upon whether the juvenile respondent is a serious, middle, minor or first offender. When the juvenile is a middle offender, the disposition judge must impose either the standard range or an "option B" sentence unless "the court concludes, and enters reasons for its conclusions, that disposition as provided in subsection (4)(a) or (b) of this section would effectuate a manifest injustice ...". RCW 13.40.160(4)(c).