[No. 53741-5-I.   Division One.   May 31, 2005.]

THE STATE OF WASHINGTON, *Respondent*, v. N.B., *Appellant*.

---

*Dana M. Lind* (of *Nielsen, Broman & Koch, P.L.L.C.*) and *Gregory C. Link* (of *Washington Appellate Project*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Nicole L. Weston* and *Brian M. McDonald, Deputies*, for respondent.

¶1 BECKER, J. — N.B. contends that his manifest injustice disposition must be reversed because the juvenile court judge based it on facts found only by a preponderance of the evidence. Our state juvenile code requires that the manifest injustice determination be supported by proof beyond a reasonable doubt. Here, there is no indication that the judge used a lower standard of proof. Accordingly, we affirm the disposition.

¶2 Appellant N.B. pleaded guilty at age 14 to one count of first degree child rape and one count of first degree child molestation. The charges were based on disclosures made by young children at the preschool where he worked. The State's disposition recommendation was left open pending a deviancy evaluation. During a series of meetings with evaluator Timothy Kahn, N.B. disclosed that he had had sexual contact with eight children at the preschool and with three other children. Kahn concluded that N.B. posed a

high risk to commit more sexual offenses in the future and needed extensive treatment for "at least" two years.

¶3 The standard range was 15-36 weeks for each offense. The trial court imposed manifest injustice terms of 83-103 weeks on Count 1 and 43-53 weeks on Count 2, to be served consecutively. The court based its decision on N.B.'s high risk to reoffend, the lack of meaningful parental control, the choice of vulnerable victims, the need for at least two years of sex offense specific treatment, and the risk of danger to the community. The court concluded that each factor, standing alone, would justify the imposition of a manifest injustice disposition.

¶4 N.B. contends that the judge used the wrong standard of proof for the reasons supporting the manifest injustice disposition. His argument assumes that the burden of proof for juvenile manifest injustice dispositions is preponderance of the evidence. This is not the case. Washington's juvenile justice code requires that a manifest injustice determination be supported by "clear and convincing evidence," a standard that is equivalent to beyond a reasonable doubt. *State v. Tai N.*, 127 Wn. App. 733, 742, 113 P.3d 19 (2005).

¶5 At a juvenile dispositional hearing, the court is to consider whether there are aggravating factors. RCW 13-.40.150(3)(h). And the juvenile court is required to enter "reasons" in support of a conclusion that a disposition within the standard range would effectuate a manifest injustice. RCW 13.40.160(2). N.B. contends that Washington courts have interpreted these statutes to allow aggravating factors to be proved by a mere preponderance of the evidence. He bases this argument on cases stating that the reasons given by a judge to support a manifest injustice disposition "need only be supported by substantial evidence." *See, e.g., State v. J.S.*, 70 Wn. App. 659, 665, 855 P.2d 280 (1993).

¶6 N.B. points out that the same "substantial evidence" test is used to review aggravating factors in adult sentencing, which until recently could be based on a preponderance

of the evidence as expressly authorized by the Sentencing Reform Act of 1981, chapter 9.94A RCW. *See* former RCW 9.94A.530(2) (2002), invalidated for sentences above the standard range by *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).[1] N.B. reasons that if the statutory burden to prove aggravating factors in the juvenile context were higher than a preponderance of the evidence, then the appellate standard of review would have to be more stringent than "substantial evidence."

¶7 "Substantial evidence" does not define the burden of proof applied by the trier of fact, as the appellate court must look for "substantial evidence" no matter what the burden of proof was below. *See In re Dependency of C.B.*, 61 Wn. App. 280, 282, 810 P.2d 518 (1991); *Colonial Imps., Inc. v. Carlton N.W., Inc.*, 121 Wn.2d 726, 734-35, 853 P.2d 913 (1993). The use of the "substantial evidence" standard to review the reasons supporting a manifest injustice disposition is not inconsistent with the use of the "clear and convincing" burden of proof at the trial court level. The statutory burden of persuasion governing manifest injustice determinations, unlike in the pre-*Blakely* adult sentencing statute, is proof beyond a reasonable doubt. *Tai N.*, 127 Wn. App. at 741. There is no indication that the trial judge in this case, acting as the finder of fact in the determination of a manifest injustice, used any lesser standard.

¶8 N.B. next contends that the juvenile court erred in considering his admissions of other acts of sexual abuse during the court-ordered deviancy evaluation. Because he was not given *Miranda*[2] warnings prior to participating in the evaluation, N.B. argues that the use of the admissions

---

[1] The legislature's amendment of this statute in response to *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) became effective April 15, 2005. LAWS OF 2005, ch. 68, § 2.

[2] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

violated his Fifth Amendment right against self-incrimination.[3]

■ ¶9 A juvenile has a postadjudication Fifth Amendment right against self-incrimination and may refuse to participate in predisposition sex offender evaluation. *State v. Diaz-Cardona*, 123 Wn. App. 477, 98 P.3d 136 (2004). But the privilege against self-incrimination is generally not self-executing, and a person must invoke the privilege by refusing to answer in order to obtain protection. *State v. Jacobsen*, 95 Wn. App. 967, 973, 977 P.2d 1250 (1999). A failure to claim the privilege is excused only where "(1) a state agent interrogates a person in custody; or (2) assertion of the privilege is penalized." *Jacobsen*, 95 Wn. App. at 973.

¶10 In *Jacobsen*, the court ordered the juvenile offender to participate in a psychosexual evaluation prior to the disposition hearing. On appeal, the juvenile argued that the results of the evaluation had been obtained in violation of his right against self-incrimination. The court rejected this claim, concluding that the juvenile had waived the privilege by failing to assert it and that the failure to claim the privilege was not excused:

> Here, although Jacobsen was ordered to attend the psychological evaluation, the appointment was arranged at a mutually convenient time and he arrived with his mother. Jacobsen was evaluated at the doctor's office and was not physically restrained in any manner. Further, Jacobsen did not ask for his attorney to be present during the interview and the court entered no order prohibiting counsel from attending. Finally, Jacobsen was free to leave and in fact returned home with his mother after the conclusion of the interview. Accordingly, we hold that Jacobsen was not "in custody" during the psychological evaluation.

*Jacobsen*, 95 Wn. App. at 974-75.

---

[3] At N.B.'s request, the court entered an order granting him use immunity for statements made during the predispositional evaluation. *See State v. Decker*, 68 Wn. App. 246, 842 P.2d 500 (1992).

¶11 Here, as in *Jacobsen*, there is no allegation that N.B. attempted to assert his privilege or that he requested his attorney's presence during the evaluation. N.B. does not identify any evidence in the record suggesting that his failure to claim the privilege was excused. Under the circumstances, N.B. waived his Fifth Amendment right.

¶12 Finally, N.B. contends that the disposition of 126-156 weeks was "clearly excessive" because the evidence established only that he needed two years of treatment. Once the juvenile court has validly decided to depart from a standard-range term, it has broad discretion to determine the length of a manifest injustice disposition. *State v. Duncan*, 90 Wn. App. 808, 815, 960 P.2d 941 (1998). The length of a manifest injustice disposition must be supported by the record and is reviewed for an abuse of discretion. *State v. B.E.W.*, 65 Wn. App. 370, 375, 828 P.2d 87 (1992).

¶13 Contrary to N.B.'s suggestion, the sexual deviancy evaluator concluded that he needed to complete "at least" two years of treatment. Moreover, when a juvenile offender's need for a specific duration of treatment is not the sole basis for a manifest injustice disposition, the disposition may exceed the length of available treatment. *See State v. E.J.H.*, 65 Wn. App. 771, 777, 830 P.2d 375 (1992). The court in this case also relied on the vulnerability of the victims, the lack of parental control, and the need to protect society. Under these circumstances, the length of the disposition had a reasonable basis in the record and did not amount to an abuse of discretion.

Cox, C.J., and Grosse, J., concur.