[No. 34328. Department Two. February 13, 1958.]

CLAUDE O. HECTOR *et al., Respondents,* v. PHILLIP MARTIN *et al., Appellants.*[1]

*Stiles & Ridgway,* for appellants.

*John W. Brisky,* for respondents.

[1]Reported in 321 P. (2d) 555.

HUNTER, J.—This is an action for trespass brought by Claude O. Hector and wife against Phillip Martin and wife, seeking damages and a mandatory injunction requiring defendants to remove a portion of a garage or woodshed from the plaintiffs' property. Defendants denied the allegation of trespass and filed a cross-complaint for alleged trespass on the part of the plaintiffs.

In November, 1947, the alley separating the plaintiffs' and defendants' properties was vacated on petition of the abutting landowners. Thereafter, at the request of some of the property owners in the block, including the plaintiffs and defendants, Frank Gilkey, a qualified civil engineer, made a survey to establish a center line of the alley and thus determine the respective property lines. The defendants were not satisfied with the survey and employed Gwin D. LeGro, also a licensed civil engineer, to determine the line in question. The surveyors, starting at different known markers, did not reach the same conclusion as to where the property lines should be established. This difference in the surveys was the reason for commencement of this litigation.

The determination of the controversy thus created necessarily depended upon the establishment of the correct property line dividing the parties' properties. During the trial, the plaintiffs and defendants offered testimony and the respective surveys to sustain their causes of action.

At the conclusion of the trial, the court entered findings of fact, in part, as follows:

"III. . . . the corners and lines of Defendants' and Plaintiffs' properties as fixed by the GILKEY survey [plaintiffs' survey] (Plaintiffs' 'Exhibit 1') are the true and correct corners of said property.

"IV. That the Defendants have for many months last past maintained a small garage or woodshed *approximately four feet* across and east of the center line of the vacated alley between Plaintiffs' property and Defendants' property and have *trespassed to that extent* upon Plaintiffs' property.

"V. That such trespass by Defendants on Plaintiffs' property has caused Plaintiffs little or no damage to date of trial and the Defendants should be given 180 days in which to remove their garage or woodshed from Plaintiffs' property and that if said garage or woodshed is not removed

within said time that Plaintiffs should have and recover the sum of One and no/100 Dollars ($1.00) per day for each day such garage or woodshed continues to remain upon Plaintiffs' property.

"    .    .    .

"VIII.    That under Defendants' first affirmative defense and Cross Complaint the court finds that Plaintiffs' pipeline is not on Defendants' property or any part thereof and said first affirmative defense and Cross Complaint should be dismissed with prejudice." (Italics ours.)

A judgment was entered accordingly, ordering the defendants to remove their building from the plaintiffs' property in conformance with the Gilkey survey. This appeal followed.

Appellants' first assignment of error is that the trial court erred in refusing to dismiss respondents' first cause of action for damages and injunctive relief in its entirety, at the close of the respondents' case.

The trial court granted appellants' motion as to damages, but reserved its ruling on the issue of injunctive relief. Without a further ruling on the motion, the appellants proceeded with their evidence. This motion was subsequently denied by the trial court when it was renewed at the close of all the evidence.

■ We have consistently adhered to the rule that a challenge to the sufficiency of the evidence at the close of the plaintiff's case is waived by a defendant who does not stand on his motion and proceeds to present evidence on his own behalf, after his motion to dismiss has been *denied*. *LeMaine v. Seals,* 47 Wn. (2d) 259, 287 P. (2d) 305 (1955); *System Tank Lines v. Dixon,* 47 Wn. (2d) 147, 286 P. (2d) 704 (1955); *James v. Ellis,* 44 Wn. (2d) 599, 269 P. (2d) 573 (1954); *McDonald v. Wockner,* 44 Wn. (2d) 261, 267 P. (2d) 97 (1954); *McCormick v. Gilbertson,* 41 Wn. (2d) 495, 250 P. (2d) 546 (1952).

The same rule should be applied where the court *fails to rule* or *reserves* its ruling and the defendant thereafter submits his evidence. Therefore, the failure of the trial court to rule on such motion before introduction of proof by a defendant, is tantamount to a denial of the

motion. See *Arkansas Bridge Co. v. Kelly-Atkinson Constr. Co.,* 282 Fed. 802 (1922); 89 C. J. S. 510, Trial, § 666. A contrary rule would deny both parties the benefit of all the evidence in the case to which they are both entitled. See *Petersen v. Department Labor & Industries,* 40 Wn. (2d) 635, 245 P. (2d) 1161 (1952). Therefore, this case must be viewed in the light of all the evidence.

Further, even assuming the appellants did not waive their motion to dismiss at the conclusion of the respondents' case, it is evident from our review of the record that the lower court did not err in refusing to grant the motion. (For the tests that a trial court may apply in a nonjury case when ruling upon a challenge to the sufficiency of the evidence or motion for involuntary nonsuit, see *Lasser v. Grunbaum Bros. Furniture Co.,* 50 Wn. (2d) 191, 310 P. (2d) 259 (1957)).

Appellants, in their brief, urge that the trial court erred:

"2. In finding that the correct survey was the one made by Frank Gilkey's employees as set forth in the Findings of Fact and Conclusions of Law introduced by the respondents Hector, and entering judgment against the appellants Martin by way of injunctive relief for the respondents Hector.

"3. In dismissing the cross-complaint of the Martins praying for injunctive relief against the respondents Hector for removal of a water pipe line and in failing to find that the center line of the alley between the properties of the parties is one as established by the LeGro survey."

Rule on Appeal 43, 34A Wn. (2d) 47, as amended, effective January 2, 1953, provides in part as follows:

"In appeals from all actions at law or in equity tried to the court without a jury, the findings of fact made by the court will be accepted as the established facts in the case *unless error is assigned thereto. No error assigned to any finding or findings of fact made or refused will be considered unless so much of the finding or findings as is claimed to be erroneous shall be set out verbatim in the brief.*" (Italics ours.)

■■ Applying this rule, the trial court's findings must be taken as the established facts of the case since the ap-

pellants did not assign error to any specific finding, nor did they set forth *verbatim,* any finding or portion thereof claimed to be erroneous. *Zarelli v. Superior Distributing Corp., ante* p. 154, 316 P. (2d) 465 (1957); *In re Seattle,* 49 Wn. (2d) 247, 299 P. (2d) 843 (1956); *McKennon v. Anderson,* 49 Wn. (2d) 55, 298 P. (2d) 492 (1956). The findings support the judgment granting the respondents injunctive relief.

■ It follows from our disposition of this appeal that appellants' remaining assignments of error that the trial court erred in failing to enter judgment in their favor, and in failing to grant a new trial are without merit. There remains, however, the question of how far the appellants must move their building in order to comply with the court order. The judgment does not recite the distance that the building must be moved, but simply requires that it be moved to conform with the property line established by the Gilkey survey. To avoid any further dispute, the distance should be stated specifically in the judgment.

The judgment granting the injunction is affirmed, subject to the case being remanded to the trial court with instructions to modify the judgment by stating the distance appellants are required to move their building.

It is so ordered.

HILL, C. J., DONWORTH, ROSELLINI, and FOSTER, JJ., concur.