[No. 13379-2-II.   Division Two.   October 30, 1991.]

GARY WHITCHURCH, as *Guardian, Appellant*, v. TIM SCOTT MCBRIDE, ET AL, *Respondents*.

*Francis M. McCauley* and *Stritmatter, Kessler & McCauley,* for appellant.

*David L. Edwards* and *Parker, Johnson, Edwards & Parker,* for respondents.

MORGAN, J. — In this auto accident case, the defendant moved for dismissal at the end of plaintiff's case in chief on the ground that plaintiff had failed to produce evidence sufficient to support a finding[1] of proximate cause. The trial court granted the motion, and the plaintiff appeals. We affirm.

---

[1]Although this case involved a jury rather than a bench trial, the words "evidence sufficient to support a finding" will be used instead of, and as the equivalent of, "evidence sufficient to support a verdict". Either phrase is a partial description of the burden of production, and the burden of production does not vary according to whether trial is to the jury or the bench.

On the night of September 1, 1986, a vehicle driven by Tim McBride collided with a vehicle driven by Shanna Whitchurch. The collision was at the uncontrolled intersection of North Scammel and Pacific Avenue in Aberdeen. Whitchurch was traveling north on Scammel, and McBride was traveling west on Pacific. Thus, McBride was on Whitchurch's right.

Pacific is straight and level for westbound traffic approaching Scammel, and except that it was dark, a reasonable person driving McBride's route would be able to see straight ahead into it. The intersection was in a residential area, and the nearby lots were developed with homes. A house stood on the lot at the southeast corner of the intersection, and no evidence was produced to show whether a reasonable person driving McBride's route could see to the south on Scammel or, if so, from what point or for how far. In other words, no evidence showed the angles or fields of view available to westbound drivers approaching the intersection.

According to Whitchurch's expert, McBride was traveling 43 m.p.h. when he struck Whitchurch. Whitchurch was traveling 22 m.p.h. The speed limit on both streets was 25 m.p.h. There is no evidence that either driver applied the brakes or tried to avoid the collision.

At the end of Whitchurch's case McBride moved for a directed verdict. He argued that there was no evidence from which it could be reasonably inferred that defendant's excessive speed was a cause in fact, and therefore a proximate cause of the injury. The court granted the motion. Whitchurch moved for reconsideration and a new trial; the trial court denied the motion.

■ When a defendant moves to dismiss a plaintiff's cause of action for insufficient evidence, the question raised is whether the plaintiff has met his or her burden of production. E. Cleary, *McCormick on Evidence* § 338 (3d ed. 1984). The burden of production is met if there is evidence from which a rational trier of fact could find that each element of the cause of action has been proven by a preponderance of

the evidence. *See In re Dependency of C.B.*, 61 Wn. App. 280, 285, 810 P.2d 518 (1991). A court determining whether the burden of production has been met must take the evidence and all reasonable inferences in the light most favorable to the nonmoving party. *Bailey v. Carver*, 51 Wn.2d 416, 418, 319 P.2d 821 (1957); *Moyer v. Clark*, 75 Wn.2d 800, 803, 454 P.2d 374 (1969). All evidence is to be considered, regardless of the party who introduced it. *Provins v. Bevis*, 70 Wn.2d 131, 136-37, 422 P.2d 505 (1967); *Hector v. Martin*, 51 Wn.2d 707, 710, 321 P.2d 555 (1958); WPI 1.02.

██ In a negligence case, the plaintiff has the burden of producing, among other things, evidence sufficient to support a finding of causation. *Maltman v. Sauer*, 84 Wn.2d 975, 980, 530 P.2d 254 (1975). Causation has two elements, cause in fact and legal (proximate) cause. *Hartley v. State*, 103 Wn.2d 768, 777, 698 P.2d 77 (1985). A cause in fact is one without which the accident would not have happened. *Harbeson v. Parke-Davis, Inc.*, 98 Wn.2d 460, 476, 656 P.2d 483 (1983); *Hartley*, 103 Wn.2d at 778. In a negligence case, then, the plaintiff has the burden of producing evidence sufficient to support a finding that the defendant's negligent conduct was a cause in fact, which is the same as saying that the plaintiff has the burden of producing evidence sufficient to support a finding that the accident would not have occurred but for the negligent conduct of the defendant.[2]

██ When a disfavored driver seeks to recover from a favored driver for damages suffered in an accident at an uncontrolled intersection, the evidence produced at trial will be sufficient to support a finding that the defendant's negligent conduct was a cause in fact (*i.e.*, will be sufficient to support a finding that the accident would not have occurred

---

[2]Whitchurch contends that the excessive speed of a favored driver will be deemed a cause in fact of the accident unless the favored driver shows that the collision would have occurred even if he had been driving within the legal speed limit. The contention is contrary to the law of Washington, which places upon the plaintiff the burden of proving causation. *Bernethy v. Walt Failor's, Inc.*, 97 Wn.2d 929, 932, 653 P.2d 280 (1982); *Maltman v. Sauer*, 84 Wn.2d at 980.

but for the defendant's negligent conduct) only if it supports a reasonable inference as to approximately where the favored driver was when, in the exercise of reasonable care, he or she should have realized that the disfavored driver was not going to yield. At an uncontrolled intersection, the driver on the right has the right of way, and the driver on the left must yield. RCW 46.61.180(1). Each must still exercise reasonable care, RCW 5.40.050; *Whisler v. Weiss*, 26 Wn.2d 446, 459-60, 174 P.2d 766 (1946) (favored driver); *White v. Fenner*, 16 Wn.2d 226, 235, 133 P.2d 270 (1943) (same); *Kilde v. Sorwak*, 1 Wn. App. 742, 746, 463 P.2d 265 (disfavored driver), *review denied*, 77 Wn.2d 963 (1970), but whether each does is measured in light of all the circumstances, including whether a reasonable person in the position of one driver or the other would have expected to have the right of way. Because a reasonable person in the favored driver's position would justifiably expect to have the right of way, the favored driver is entitled to rely on the disfavored driver's yielding the right of way until the favored driver reaches that point at which a reasonable person exercising reasonable care would realize that the disfavored driver is not going to yield. *Olpinski v. Clement*, 73 Wn.2d 944, 949, 442 P.2d 260 (1968); *Kilde*, 1 Wn. App. at 746. It is from and after that point that a reasonable person's hypothetical conduct is compared with the favored driver's actual conduct[3] in order to determine whether there is evidence sufficient to support a verdict that the accident would not have happened but for the favored driver's negligence.[4] If there is no evidence showing the approximate location of that point, the reasonable person's conduct cannot be compared with the favored driver's, and the plaintiff has not borne the

---

[3]As plaintiff points out in her brief, "[T]he classic test for determining cause in 'fact' directs the 'factfinder' to compare what did occur with what would have occurred if hypothetical, contrary-to-fact conditions had existed. . . ." W. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on Torts* 265 (5th ed. 1984).

[4]Such a comparison must credit the favored driver with a reasonable reaction time, *Poston v. Mathers*, 77 Wn.2d 329, 335, 462 P.2d 222 (1969); *Olpinski*, 73 Wn.2d at 949, because that would be part of the reasonable person's conduct.

burden of producing evidence sufficient to support a finding that the accident would not have happened but for the favored driver's negligence.

The trial judge correctly applied these principles to this case. The plaintiff offered no evidence tending to show the approximate point at which a reasonable person driving westbound on Pacific would have (a) seen plaintiff's car approaching from the south and (b) realized that it was not going to yield. With no evidence tending to show that point, the jury had no way of discerning what a reasonable person's conduct would have been, or of comparing that conduct with the defendant's, and it could not find that the accident would not have occurred but for the defendant's excessive speed. In short, the plaintiff failed to produce evidence sufficient to support a verdict that the defendant's speed was a cause in fact of the accident, and the trial court acted properly when it took the case from the jury.

Plaintiff argues that she was traveling 22 m.p.h. (32 feet per second); that at 22 m.p.h. she would have cleared the impact zone in .434 second; that at 25 m.p.h. McBride would have traveled the final 63 feet in 1.716 seconds, but at 43 m.p.h. he actually traveled it in 1 second. From these facts, she concludes that if McBride had been traveling at the speed limit, the collision would not have occurred.

Although based on facts deemed correct for purposes of the burden of production, the argument is flawed. Its method is to select a distance, and then compare reasonable with actual speed over the course of that distance. The method is arbitrary because the distance is arbitrary. Without evidence providing some indication as to where a reasonable person in the favored driver's shoes would have started to react and take evasive action, there is no reason to set the distance at 63 feet (the distance used here), at 3 feet, or at 500 feet.

For the first time on appeal, Whitchurch argues that the jury could infer that McBride failed to maintain a proper lookout. Because the argument was not made below, we need not consider it. *Browning v. Johnson*, 70 Wn.2d 145,

152, 422 P.2d 314 (1967); RAP 2.5(a). In any event, it has no effect on our disposition of this case. It asserts that McBride's negligent conduct was failing to look to the south rather than speeding. Like speeding, though, conduct in the nature of failure to look could not go to the jury without evidence supporting a reasonable inference that it was a cause in fact of the collision. For the reasons already discussed, there was no such evidence here.

Affirmed.

WORSWICK, C.J., and PETRICH, J., concur.

Reconsideration denied January 8, 1992.

Review denied at 118 Wn.2d 1029 (1992).