IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| JOHNNY FERARA, | ) | No. 71535-6-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MAKAYLE G. and JOHN DOE RICH, | ) | |
| | ) | |
| Respondents. | ) | FILED: April 27, 2015 |

SCHINDLER, J. — A driver turning left at an intersection is a disfavored driver and must yield the right-of-way to oncoming traffic. A disfavored driver has the primary duty to avoid a collision and must yield even if the oncoming favored driver is proceeding unlawfully. Because Johnny Ferara did not present any evidence creating a genuine issue of material fact as to the approximate location of the point where Makayle G. Rich would have realized the vehicle Ferara was a passenger in was not going to yield, we affirm summary judgment dismissal.

FACTS

On May 25, 2010, Tyler Ferara was driving an Audi northbound on 100th Avenue NE in Kirkland. Tyler's uncle Johnny Ferara was riding as a passenger.[1] Makayle G. Rich was driving a Trailblazer southbound on 100th Avenue NE.

---

[1] We refer to Tyler Ferara by his first name for clarity.

Tyler's vehicle was stopped at the intersection of 100th Avenue NE and NE 137th Street, waiting to turn left. As Rich approached the intersection, the traffic light turned green. As Rich drove straight through the intersection, Tyler's vehicle turned left in front of her vehicle. Rich tried to brake but could not avoid the collision.

In May 2013, Johnny Ferara filed a complaint for damages in King County Superior Court. Ferara alleged that Rich "negligently operated her vehicle in such a manner as to cause the accident" and that he "suffered personal injuries as a result."

In her answer, Rich denied she was negligent. Rich asserted as an affirmative defense that her actions were not the proximate cause of the accident or Ferara's "injuries and damages, if any." Rich alleged that Tyler's actions were the proximate cause of the accident.

In December 2013, Rich filed a motion for summary judgment arguing that as a disfavored driver turning left at an intersection, Tyler was negligent as a matter of law under RCW 46.61.185. In support, Rich filed a declaration stating that after she "observed the light turn green," Tyler's vehicle "suddenly" turned across her lane in an attempt to "jump the light." Rich testified that she "was unable to brake in time to avoid the accident." Rich also testified that after the collision, Ferara said "at least two times" that he told his nephew "not to attempt the turn because he wasn't going to make it."

Rich also filed the declaration of a driver who witnessed the accident, Nicole Gunn. Gunn stated that she had just pulled out onto 100th Avenue NE from her apartment complex and was in the left southbound lane, traveling alongside Rich's Trailblazer as they approached the intersection. Gunn testified:

> I was able to brake to avoid the accident because my vehicle was still traveling less than the posted speed limit given my limited distance on the

2

road. Had I been going the speed limit or close thereto, I would have probably struck the Audi myself.

Gunn also testified that from her "observational point, the accident was caused solely by the ill-advised left turn of the Audi across our lanes."

In response, Ferara argued there were genuine issues of material fact as to whether Rich was negligent. In support, Ferara filed a declaration asserting that Rich caused the accident by "traveling at a speed greater than prudent" and by not "attempt[ing] to move out of the lane briefly to avoid the collision."

The court found "there are no questions of material fact" and dismissed the complaint for damages with prejudice. Ferara timely appeals the court's entry of summary judgment against him.

## ANALYSIS

Ferara contends the court erred by granting Rich's motion for summary judgment, asserting that he raised an issue of material fact as to whether Rich's speed was a proximate cause of the accident.

We review orders of summary judgment dismissal de novo, engaging in the same inquiry as the trial court. Korslund v. DynCorp Tri-Cities Servs., Inc., 156 Wn.2d 168, 177, 125 P.3d 119 (2005). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Mossman v. Rowley, 154 Wn. App. 735, 740, 229 P.3d 812 (2009).

A defendant can move for summary judgment by showing that there is an absence of evidence to support the plaintiff's case. Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989) (citing Celotex Corp. v. Catrett, 477 U.S. 317,

322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). If the defendant shows an absence of evidence to establish the plaintiff's case, the burden then shifts to the plaintiff to set forth specific facts showing a genuine issue of material fact for trial. Young, 112 Wn.2d at 225. A material fact is one that affects the outcome of the litigation. Elcon Constr., Inc. v. E. Wash. Univ., 174 Wn.2d 157, 164, 273 P.3d 965 (2012).

While we construe all evidence and reasonable inferences in the light most favorable to the nonmoving party, if the plaintiff " 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' " summary judgment is proper. Jones v. Allstate Ins. Co., 146 Wn.2d 291, 300, 45 P.3d 1068 (2002); Young, 112 Wn.2d at 225 (quoting Celotex, 477 U.S. at 322).

The nonmoving party may not rely on speculation or "mere allegations, denials, opinions, or conclusory statements" to establish a genuine issue of material fact. Int'l Ultimate, Inc. v. St. Paul Fire & Marine Ins. Co., 122 Wn. App. 736, 744, 87 P.3d 774 (2004) (citing Grimwood v. Univ. of Puget Sound, Inc., 110 Wn.2d 355, 359, 753 P.2d 517 (1988)). Supporting affidavits must contain admissible evidence that is based on personal knowledge. Grimwood, 110 Wn.2d at 359. A party's self-serving opinion and conclusions are insufficient to defeat a motion for summary judgment. Grimwood, 110 Wn.2d at 359-61.

There is no dispute that Rich's vehicle was proceeding straight through the intersection and Tyler's vehicle was turning left. As a matter of law under RCW 46.61.185, Rich was the favored driver and Tyler was obligated to "yield the right-of-way to any vehicle approaching from the opposite direction." See Mossman, 154 Wn. App. at 740-41. Because Tyler had the "primary duty to avoid a collision," he was required to

yield even if " 'the oncoming vehicle was proceeding unlawfully.' " Mossman, 154 Wn. App. at 740 (quoting Doherty v. Mun. of Metro. Seattle, 83 Wn. App. 464, 470, 921 P.2d 1098 (1996)).

As the favored driver, Rich was entitled to rely on the reasonable expectation that Tyler would yield the right-of-way until she reached the "point of notice." Whitchurch v. McBride, 63 Wn. App. 272, 276, 818 P.2d 622 (1991); Channel v. Mills, 77 Wn. App. 268, 278-79, 890 P.2d 535 (1995). The "point of notice" is "that point at which a reasonable person exercising reasonable care would realize that the disfavored driver is not going to yield." Whitchurch, 63 Wn. App. at 276.

To establish that Rich's speed was a cause in fact of the accident, Ferara must prove that "but for excessive speed, the favored driver, between the point of notice and the point of impact, would have been able to brake, swerve or otherwise avoid the point of impact." Channel, 77 Wn. App. at 278-79. As a threshold, Ferara must produce "evidence showing the approximate location" of the point where Rich "would have perceived danger." Whitchurch, 63 Wn. App. at 276-77; Channel, 77 Wn. App. at 278-79. Ferara must also show that if Rich had been driving at or below the speed limit, she could have "stopped or otherwise avoided the collision" after passing the point of notice. Channel, 77 Wn. App. at 274-75.

The only evidence Ferara submitted was his own declaration containing only self-serving opinions and conclusory assertions. The declaration states, in pertinent part:

9. It seemed to me, on a more likely than not basis, that Rich was traveling at a speed greater than prudent when the collision occurred.
10. Had she slowed just a little, she would have avoided the collision with Tyler's car.
11. It seemed to me that there was ample opportunity for Rich to stop once she realized Tyler Ferara was turning in front of her, but failed to do so.

5

12. Rich could have also attempted to move out of the lane briefly to avoid the collision, however she failed to do so.

" 'The whole purpose of summary judgment procedure would be defeated if a case could be forced to trial by a mere assertion that an issue exists without any showing of evidence.' " Meissner v. Simpson Timber Co., 69 Wn.2d 949, 956, 421 P.2d 674 (1966) (quoting Reed v. Streib, 65 Wn.2d 700, 706, 399 P.2d 338 (1965)). Although the issue of negligence "is generally one for the jury to determine," summary judgment may be appropriate when "all reasonable minds would agree" that the favored driver "exercised the care which a reasonably prudent [person] would have exercised for his [or her] own safety under the circumstances." Bauman v. Complita, 66 Wn.2d 496, 497-98, 403 P.2d 347 (1965).

Because Ferara failed to provide any factual evidence tending to establish Rich's speed, the approximate location of the point of notice, or her ability to brake or swerve between the point of notice and the point of impact, there is no genuine issue of material fact as to whether Rich was negligent. The court did not err in granting the motion for summary judgment.

WE CONCUR: